Taylor's administrator v. Taylor's assignee, &c.

CASE 94—EQUITY—APRIL 29.

# Taylor's administrator v. Taylor's assignee, &c..

APPEAL FROM BOURBON CIRCUIT COURT.

1. A payment of an antecedent debt by a check upon a bank, when the debtor knew he was unable to pay his debts, is a preference of one creditor to the exclusion of others, within the meaning of the act of 1856, and operates as an assignment for the benefit of creditors.

2. Every deposit in a bank is a loan, and the delivery of a check by the depositor is the assignment of a *chose in action.*

W. A. CUNNINGHAM FOR APPELLANT.

The check in favor of Shaw was delivered by Taylor in contemplation of insolvency. The proof shows that he knew he could not pay his debts, and that the check was drawn in payment of an antecedent debt. The preference brings the case within the act of 1856.

PRALL & DICKISON FOR APPELLEES.

No such doctrine has ever been held that a payment of a debt by a party in failing circumstances, without any knowledge of his condition, made in the ordinary course of business, amounts to a preference of creditors under the act of 1856.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

Appellee, Wm. M. Taylor, being hopelessly insolvent, gave a check on a bank for $114 in payment of an antecedent debt. The sole question is, did this operate as an assignment for the benefit of his creditors of all the property of Taylor under what is commonly known as the act of 1856?

That act, approved March 10th, 1856, reads:

"That every sale, mortgage, or assignment which shall be made by debtors in contemplation of insolvency, and with the design to prefer one or more creditors to the exclusion in whole or in part of others, shall operate as an assignment and transfer of all the property and effects of such debtor, and shall inure to the benefit of all his creditors."

By an amendment, approved March 8th, 1862, that act was made to extend to "every judgment which shall be suffered by any defendant, or any act or device which shall be done or resorted to by creditors in contemplation of insolvency."

These two acts are metaphrased in section 1, article 2, chapter 44, of the General Statutes.

The legislature of 1862, by enlarging the operation of the act of 1856 in the language quoted, manifested a disposition to extend it to every preference given by an insolvent debtor, with knowledge of insolvency, to a creditor, no matter what the means adopted to accomplish that result. The language of the statute covers "any act or device resorted to" in contemplation of insolvency, and with a design to prefer.

It is said in Thompson v. Heffner's ex'r (11 Bush, 359) : "If the facts are such as to show that, at the time of making a mortgage, preferring one creditor to another, the debtor must have known he was insolvent, it will be within the statute." In the case under consideration the debtor knew that he could not pay his own debts, and that, beside these debts, he would be called upon to answer as surety for his brother in a sum almost equal to the value of all property owned by the debtor at the time. It is a clear case of preference within the statute, unless the manner in which the preference was given takes it out of the statute. Within the common acceptation of the term it was an "assignment" of a chose in action. As said in Williams v. Rogers (14 Bush, 788), "Whenever a deposit is made in bank, the relation of debtor and creditor is established between the bank and the depositor. The identity of the particular money is lost, and the relation between the parties continues the same,

whether it is an ordinary or a time deposit." But if there were doubts as to whether the term "assignment" was intended to apply to the transfer of a chose in action, there can be no doubt that this was "an act or device resorted to" by the failing debtor to prefer one creditor to the exclusion of all others.

Judgment reversed, and cause remanded, with directions for further proceedings consistent with this opinion.