## Nelson-Bethel Clothing Co. v. Pitts.

(Decided December 13, 1910.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

Corporations—Acts of President and Secretary—Ratification by Stockholders—Effect.—Where a corporation had sold its stock decided to go out of business, the directors having ceased to act, and there being no officers except the president and secretary to perform the duties pertaining to its management, the president and secretary had the right and authority, and it was the duty and within the power of these two officers to settle demands against the corporation for its torts, and this being known to the stockholders and they suffered it, it was a ratification of the act of the officers, and the corporation is bound by such act.

JAMES S. PIRTLE, FAIRLEIGH, STRAUS & FAIRLEIGH for appellant.

RAY BIZOT and EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Appellant is a manufacturer of clothing. Its place of business was Louisville. Appellee was a laborer employed by it in operating a sewing machine which was run by other power. Whilst so engaged she was severely injured. She claimed that it was by reason of the negligence of the master in failing to furnish her reasonably safe machinery and appliances with which to work. She brought suit against the master to recover damages on account of her injury. The verdict and judgment were in her favor, and were for $8,129.16, and the costs of the action. From that judgment an appeal was prosecuted to this court. But the judgment was not suspended by supersedeas. Execution upon the judgment having been returned no property found, she

began an action in equity against the corporation and its stockholders for discovery of assets. Pending that action and the appeal in the former action, negotiations for a compromise of the plaintiff's claim were entered into between the parties through their counsel. The result was an agreement, reached on the morning of December 18, 1908, about nine thirty o'clock, that the plaintiff would accept and the defendant would pay on the following January 10th, $6,500, and the costs. The agreement was made between the attorneys representing the plaintiff and the defendant, acting under what they supposed was undoubted and ample authority. About noon of December 18, 1908, the Court of Appeals reversed the judgment in the first named case, remanding it under an opinion holding that the appellant was entitled to a peremptory instruction, on the ground that the evidence showed that the plaintiff's injuries were due to her contributory negligence.

Appellant thereupon refused to comply with the compromise settlement entered into upon its behalf. The plaintiff then brought this suit upon the contract of settlement. Appellant denied that the agreement had been entered into by its authority. That issue went to trial before a jury who found for the plaintiff.

The evidence developed that after plaintiff sustained her injuries appellant sold his plant and quit business as a manufacturer. But it continued its corporate existence for the purpose of settling up its affairs. It failed to elect a new board of directors, and the old board failed to meet for three years before the date of the settlement. Nor had there been a stockholders' meeting in that time. Peyton B. Bethel was secretary of the appellant corporation. He was its fiscal officer. He looked after and collected its accounts, paid its bills, renewed its notes, and, in short, did all in that way that was done on behalf of the corporation in its liquidation just as he had done in its active existence. He was permitted to do so without question of his authority, and for aught shown in the record was so empowered by the by-laws of the corporation.

When the corporation determined to quit business and sold its plant, the stockholders at a meeting duly held, passed this resolution:

"Be it resolved that the stockholders of this corporation authorize its officers to wind up the affairs of the corporation, Nelson-Bethel Clothing Co., and dissolve

the corporation as soon as possible after this present season's business is completed. This resolution is to be effective immediately after the inventory just recommended to be taken, the latter part of September, 1905, or not later than last of October, 1905.

"Be it further resolved that the stockholders of this corporation ratify the agreement entered into between the committee appointed at the last stockholders meeting, held April 29, 1905, composed of Van D. Nelson and Peyton B. Bethel of this corporation, and D. W. Whayne and A. B. Payne for themselves, and associates, to the effect that this corporation is to transfer to the Falls City Clothing Co. all assets, property, etc., at book value, to be determined at the next inventory after May 1, 1905, in consideration of which the Falls City Clothing Co. agrees to pro rate, among the present stockholders of the Nelson-Bethel Clothing Co., as much of the capital stock of the Falls City Clothing Co. as will equal at par value their holdings in the Nelson-Bethel Clothing Company.

"Be it further resolved, that the committee now appointed be empowered to carry out the conditions of this resolution, and be invested with the power to act fully for each and every stockholder of this corporation on any question that may arise during the absence of any stockholder from the city, until such time as the Nelson-Bethel Clothing Co. shall have been dissolved and go out of business."

On the occasion of the compromise agreement in question Van B. Nelson, who was president of appellant corporation, was out of the State, having gone to California on a business trip. There was no other officer of the corporation in the city, and but one other stockholder. The negotiations for the settlement had been pending for some months, the fact being well known to the officers of the appellant, none of whom then questioned the authority of those conducting the negotiations to complete them. They drew to a close on the 17th of December, 1908, on the motion of appellant's counsel. The final figure for settlement (and the only point of difference at any time in the negotiations was the amount to be paid by appellant) was submitted by appellant's attorney to Mr. Bethel, who took time to consult the other stockholder in the city. His assent was finally given and Bethel directed appellant's attorney to close the matter, which was done as stated above.

The instructions given submitted the issue to the jury thus:

"If you believe from the evidence that Peyton B. Bethel had authority on behalf of the defendant, Nelson-Bethel Clothing Co., to compromise and settle the suits pending between E. M. Pitts and the Nelson-Bethel Clothing Co., and if you further believe from the evidence that he did compromise said case at $6.500, and court costs, the law is for the plaintiff and the jury will so find." (Then follows the converse of the instruction.)

Appellant contends he was entitled to a peremptory instruction as for non-suit, upon the ground that there was not a showing by the plaintiff of any authority to Peyton B. Bethel alone to compromise the claim. Furthermore, that if the case was to be submitted to the jury on the question of Bethel's authority the court should have instructed as to what constituted authority in the agent, or if the case was to be rested upon his apparent authority, then that question should have been submitted so as to define what acts would constitute such estoppel against the company.

Appellant did not ask for any instruction save for a peremptory.

The resolution quoted above does not contain, rather did not create Bethel's authority to act in the premises. The committee, composed of Nelson and Bethel, was an agency on behalf of the stockholders, concerning the transfer to the Falls City Clothing Co., and in such other matters as required the action of the stockholders to perform. That did not include the settlement of an unliquidated demand for tort of the corporation. The first paragraph of the resolution had reference solely to liquidation. Collecting accounts, and paying debts were included. But independent of the resolution, it was the duty and within the power of the officers of the corporation to do those things, even more, for they were necessarily empowered to settle demands against the corporation for its torts. So far as the record discloses there were no other officers of the corporation than the directors, its president, and its secretary, to do those things. The directors had long since ceased to act. They suffered the other officers to perform for the corporation all those administrative functions that might have fallen within their own province, and the latter's also. Therefore, it was the custom, the course of dealing of this

corporation for its officers, i. e., its president and its secretary, to perform all the duties pertaining to the management of the corporation that the board might have done. This course was known to the stockholders. They suffered it. Therefore, they ratified it. It is not shown that the president did anything pertaining to the settlement of claims owing to or by the corporation. But whether he did or did not, it is shown that generally such was done by the secretary alone. When the president left the State for a protracted, indefinite visit, it was not supposed by him or any of his colleagues in this corporation, that its affairs would stop till his return. No provision was made for any other representation during his absence, than by the secretary. The latter did go ahead as one with full authority, not only in this matter, but in all other matters which arose. If the corporators chose not to provide an acting board of directors, or other officers, but suffered one to act on its behalf exclusively, and the public dealt with him, the corporation is bound as if he had the most ample authority. (Citizens Bank, &c. v. Bank of Waddy, &c., 126 Ky., 169, 103 S. W., 249.)

If the situation had been that execution on this judgment was about to be levied upon appellant's property, Bethel would in the emergency have been authorized to replevy it, or to pay it, or to otherwise settle it. He, therefore, might have done less, which was to settle it for a smaller sum. That it was a suit for damages did not divest him of authority. It stood like any other demand against the corporation for money. The situation was one, when he acted, which he and appellant's counsel believed was an emergency which required immediate action. It was within the scope of his duties, such as he had been doing, and which, if done at all so as to be effective—as it was believed that as that was the last day of the fall term of 1908 of the Court of Appeals, and as an adverse decision if there was one, would be rendered that day—must have been done immediately. Had the judgment been affirmed instead of reversed there is little doubt his associates in the corporation would have contended that all parties were bound by it, and that this court would have so held.

The facts were undisputed. The court might have instructed peremptorily for the plaintiff.

It is not questioned that the pending litigation was a sufficient consideration to support the compromise.

Judgment affirmed.

Whole court sitting except CHIEF JUSTICE BARKER.