## Ramey, et al. v. Ironton Lumber Company, et al.

(Decided October 20, 1915.)

### Appeal from Pike Circuit Court.

Appeal and Error—Verdict of Properly Instructed Jury—Effect of on Appeal.—The judgment entered on the verdict of a properly instructed jury will not be disturbed on appeal, unless the verdict is unsupported by or is flagrantly against the evidence. Evidence in this case examined; held sufficient to support the verdict.

J. S. CLINE for appellants.

J. F. BUTLER, ROSCOE VANOVER, E. J. PICKLESIMER and J. J. MOORE for appellees.

Opinion of the Court by Judge Settle—Affirming.

The appellee, Ironton Lumber Company, sued in the court below to recover of the appellees, W. M. Greer, Franklin Greer and M. Burke, $1,530.70, alleged balance due it for money advanced them on a timber contract. The answer of Greer and Burke, which was made a cross-petition against the appellants, J. B. Ramey, Grant Thornberry and L. R. Thornberry, composing the partnership known as the Breaks Lumber Company, admitted an indebtedness to the Ironton Lumber Company of $1,254.78, and alleged its overpayment by an order for $1,379.72 they gave it upon the Breaks Lumber Company, it being alleged that the latter company was then owing them in excess of that amount. Judgment was asked in the cross-petition of the Greers and Burke against the members of the partnership of the Breaks Lumber Company for the difference between $1,379.72, for which the order had been given the Ironton Lumber Company on them, and $1,254.78, the amount they (Greers and Burke) admitted owing the Ironton Lumber Company.

· The Ironton Lumber Company filed an amended petition making J. B. Ramey, Grant Thornberry and L. R. Thornberry, partners composing the Breaks Lumber Company, defendants to the action; setting up the order on them received from Greers and Burke, their acceptance of same, and asking judgment against them for the amount thereof, to-wit, $1,379.72. The acceptance of the order in question was in the following language:

"We hereby accept the above order to the amount that we will owe Greer under timber contract."

The acceptance was signed by Ramey and the two Thornberrys. It was further alleged in the amended petition of the Ironton Lumber Company that after their acceptance of the order appellants became indebted to Greer under the timber contract to the full amount of the order accepted by them.

After being served with summons upon the amended petition of the Ironton Lumber Company and the cross-petition of Greers and Burge, the appellants filed, as applicable to both, a pleading styled an answer, counter-claim and cross-petition, much of which was properly stricken out by the circuit court. Included, however, in the parts not stricken out were allegations to the effect that they had, by a written contract made in March, 1911, with W. M. Greer, bought of him what he falsely represented to be three hundred logs in Shelby Creek, Pike County, for which they agreed to pay him certain prices set forth in the contract; $2,000.00 of which was paid when the contract was made, the remainder to be paid when the logs were rafted and measured. The writing evidencing the contract was filed with and made a part of the answer, counter-claim and cross-petition. It was also alleged in the answer, counter-claim and cross-petition that there were, in fact, only about two hundred logs in the lot purchased by them of Greer; that when delivered and measured the price of the two hundred logs amounted to only $2,297.00, $2.000.00 of which had previously been paid, and that out of the $297.00 remaining they paid one Sol Tackitt the sum of $168.00 for assisting them in, and other expenses growing out of, the running of the logs to the mouth of Shelby Creek, which left them owing Greer only $99.80. They denied, however, that the $99.80 should be paid to the Ironton Lumber Company on the order given on them by Greer, and alleged that the Ironton Lumber Company was indebted to

them in the sum of $119.00 for some of their timber which that company had wrongfully converted to its use, for which sum they prayed judgment against that company.

Following the filing of the above pleading, Greers and Burke filed an amended answer, reply and cross-petition containing a traverse of the averments of the answer, counter-claim and cross-petition of appellants and alleging that W. M. and Franklin Greer delivered to the latter in Sandy River at the mouth of Shelby Creek, under their contract with them, 337 logs, the contract price of which amounted to $4,004.00, and after deducting therefrom the $2,000.00 which they were paid by appellants when the contract with respect to the logs was made, and the $168,00 which the latter paid to Tackitt, there was left due them from appellants $1,836.00, for the difference between which and the order of $1,379.70 they had given the Ironton Lumber Company, they asked judgment against appellants.

The Ironton Lumber Company, by reply to the pleading last mentioned, waived all of its claim against Greer and Burke except $1,254.78.

After the filing of the voluminous pleadings referred to the case went to trial and the jury returned a verdict in favor of the Ironton Lumber Company against Greer and Burke for $1,254.78, of which the latter do not complain. They also returned a verdict in favor of appellants against the Ironton Lumber Company for the sum of $119.00, of which the latter company makes no complaint; and finally, a verdict in favor of W. M. and Franklin Greer against appellants, J. B. Ramey, Grant and L. R. Thornberry, for $1,200.00. Judgment was entered in conformity to the above findings and the court, on its own motion, credited the judgment of the Ironton Lumber Company, of $1,254.78, against Greer and Burke, with the $1,200.00 for which W. M. and Franklin Greer were given a verdict by the jury against appellants. Appellants complain of the verdict of $1,200.00 returned against them in favor of the Greers, and by this appeal seek the reversal of the judgment entered thereon.

The grounds urged by appellants for the reversal of the judgment are: (1) That the trial court erred in refusing their request for a peremptory instruction directing a verdict in their behalf as against the Greers; (2) That the verdict is flagrantly against the evidence; (3) Error of the trial court in instructing the jury.

The first and second grounds will be considered together. In our view of the evidence neither of them can be sustained. The written contract between W. M. Greer and appellants, properly interpreted, simply means that appellants purchased of Greer, at the prices therein stipulated, what they and Greer estimated to be three hundred logs, then in Shelby Creek; that $2,000.00 of the purchase money was then paid Greer by the appellants; that these logs were to be delivered by Greer at the boom or the mouth of Shelby Creek, and when delivered were to be rafted by appellants and by them then measured to ascertain the purchase price of the whole, which, after deducting the $2,000.00 previously received by Greer, they were to immediately pay.

Such being the meaning of the contract, the question that next arises is, did Greer deliver in the river a sufficient number of logs to amount at the contract prices to a sum that would equal the $2,000.00 paid him at the making of the contract; plus $168.00 which appellants admittedly paid Tackett, plus $1,200.00, the amount of the verdict and judgment recovered by the Greers. If this proposition has been established by the evidence the right of the Greers to recover of appellants the $1,200.00 awarded them by the verdict of the jury and judgment of the court cannot be doubted.

It is not to be overlooked that the logs which were sold under the contract were in Shelby Creek at the time of the sale, and that appellants, or some of them, then saw the logs and joined with Greer in making the estimate as to the number. If there were then less than three hundred of the logs they would hardly have agreed with Greer that such was their number. It was also their estimate, as well as his, that the $2,000.00 they then willingly paid him did not exceed half the estimated value of the logs then in the creek. Otherwise it is not reasonable to suppose that they would then have paid him $2,000.00 as the estimated half of the value of the logs. There is no contrariety of evidence as to the fact that at the time of the institution of this action all the logs which Greer had in Shelby Creek he had delivered at the boom or in the river, and that they had been measured after their delivery both by W. M. Greer and his brother Franklin, and also measured by the appellants when rafted by them.

According to the evidence of the Greers there were 337 logs delivered. W. M. Greer testified, in which he was corroborated by his brother, Franklin Greer, that he and his brother measured all of these logs and that by actual measurement there were 13,360 cubes, which, at the contract price, amounted to $4,004.00; and that after giving appellants credit by the $2,000.00 paid before the delivery and the $168.00 paid Tackett, there was still left a balance in his (Greer's) favor of $1,836.00. The measurements thus made were also corroborated by the original tally sheets containing the entries which were made by W. M. Greer and Franklin Greer. The measurement of the logs made by appellants at a different time was not shown by the introduction of original tally sheets, but only by the ledger, purporting to have been copied from the original entries, without showing the details contained in the Greer tally sheets.

The evidence introduced for appellants tended to prove that there were between 200 and 240 logs. In addition to the measurement shown by their ledger, the appellants Ramey and Grant Thornberry testified that all the logs purchased of Greer were sold and delivered by them to the appellee Ironton Lumber Company, which gave that company an opportunity of ascertaining whether they had underestimated the Greer logs in the measurement made by them. Other evidence in the record, however, contradicted their testimony in this particular, as it shows that the Ironton Lumber Company did not get all the logs appellants received of W. M. Greer. One of the witnesses so testifying, M. B. Collinsworth, said he bought from appellants a very fine raft of poplar logs for the Dawkins Lumber Company which had been obtained by them from Greer; this, as he further said, being shown by the red painted marks on them, peculiar to the Greer logs, as well as by the statements of the appellants, Ramey and Grant Thornberry, that the logs were a part of the Greer timber.

We do not understand it to have been seriously denied by appellants or any of their witnesses that all the Greer logs that were in Shelby Creek went into the river. Indeed, both J. B. Ramey and Grant Thornberry seemed to admit that they did. Therefore, the only conflict in the evidence was as to the quantity of material contained in them and the respective measurements made of them by the parties to the contract. Without further discussing

the evidence or indicating, as we might do, particular statements of certain witnesses, we think it sufficient to say that in our opinion the weight of it conduces to establish the claim of the appellees that there were 337 logs delivered appellants by W. M. Greer, sufficient in quantity to amount in value to approximately $4,000.00, which, if true, entitled the Greers to the verdict and judgment of $1,200.00 recovered by them against appellants. At any rate, the entire evidence went to and was considered by the jury, whose province it was to weigh and determine its weight and effect.

It follows from what has been said that the record furnishes no support either for appellants' complaint of the refusal by the trial court of the peremptory instruction asked by them, or their further contention that the verdict is flagrantly against the evidence.

Equally groundless is the appellants' complaint of the instructions. Indeed, they are estopped to complain of instructions "A" and "C" as neither has any bearing on the verdict upon which the judgment appealed from was entered. Instruction "A" is with reference to a branch of the case affecting only the Ironton Lumber Company and the Greers, with which appellants were not concerned; and instruction "C" authorized the verdict for $119.00 which the jury returned for appellants against the Ironton Lumber Company, and from the judgment entered on which the latter did not and could not appeal.

Appellants do, however, object to instruction "B," which is as follows:

"The jury will find for the defendants W. M. Greer and Franklin Greer against the defendants, Grant Thornberry, L. R. Thornberry and J. B. Ramey, the value of all timber delivered by said Greers to said Thornberrys and Ramey at the mouth of Shelby Creek under the contract in evidence between the said parties, after deducting the $2,000.00 paid at the time the contract was entered into, and after deducting the $168.00 paid Sol Tackitt, if they shall find anything is due; but at all events they will find for defendants Greer and Greer the sum of $99.90 admitted by Thornberrys and Ramey to be due said Greer and Greer."

This instruction in simple language submitted to the decision of the jury the only issue to be determined in the case. Instead of being open to criticism it is to be commended for its clearness and brevity. Indeed, this

is so manifest that further discussion of it is deemed un-necessary.

Appellants contend that an additional instruction should have been given in the terms indicated by their brief. This contention will not be considered, in view of the fact that such an instruction, nor any other, was offered or asked by appellants.

Judgment affirmed.