## Commonwealth, for the use and benefit of the Board of Education of the City of Louisville v. Mehler & Eckstenkemper Lumber Company.

### (Decided January 24, 1919.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Escheat—Enforcement.—A corporation may hold real estate for a longer period than five years, although not devoted to legitimate corporate use, if it is held in anticipation of its future use for legitimate corporate purposes, with an ever present intention to devote it to such use.

2. Escheat—Enforcement.—Upon proof by the Commonwealth in an action to escheat real estate, that it has been held for longer than five years, without having been devoted to use for legitimate corporate purposes, the burden of proving that it is being held for such future use with an ever present intention of so using, shifts to the defendant.

3. Escheat—Enforcement.—The intention with which real estate is being held by a corporation beyond five years, as a necessary ingredient in the offense that will escheat the property, is provable not alone by the minutes of the directors' meeting but by any evidence that has probative value of the defendant's real intention in holding it.

4. Escheat—Enforcement—Evidence.—The uncontradicted evidence of the defendant's president of its intention and purpose with reference to the lot attempted to be escheated in this action held to be sufficient to avoid an escheat.

MARSHALL B. HARDY and WM. WALLACE DOWNING for appellants.

FURLONG, WOODBURY & FURLONG for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Under authority of subsection 27 of section 2978a, Kentucky Statutes, the Board of Education of Louisville instituted this action against appellee, a corporation, to recover title and possession of a city lot fronting twenty-five feet on St. Xavier street, in the city of Louisville, upon the ground that same had escheated to the Commonwealth.

Section 192 of the Constitution and section 567 of the Statutes, provide in almost identical terms that no corporation "shall hold or own any real estate, except such as may be necessary and proper for carrying on its legitimate business, for a longer period than five years, under penalty of escheat." Construing these several provisions, this court has held that a corporation may hold real estate for a longer period than five years, although not devoted to legitimate corporate use, when the holding is in anticipation of its future use for such purposes, accompanied by an ever present intention to devote it to such use. German Insurance Company v. Commonwealth, 141 Ky. 606; L. & N. Railway Company v. Commonwealth, 151 Ky. 325; Louisville School Board v. King, 127 Ky. 824; Commonwealth v. Louisville Property Company, 128 Ky. 790.

This lot was purchased by the defendant in February, 1909, at a decretal sale in an action in which its mechanic's lien thereon was foreclosed, and had not been devoted by the defendant during the five years it had owned it before this action was instituted, to any proper or necessary use in carrying on its legitimate busi-

ness, but the defendant as a defense to this action, alleged that it had held the lot during this period in anticipation of its future use as a branch lumber yard, accompanied by an ever present purpose to devote it to such use, and the only question involved is whether or not the com-- pany was holding the lot with such an intention and pur- pose. Under such circumstances, the burden of proving this intention was upon the defendant. German Insur- ance Company v. Commonwealth, *supra*. To sustain this burden, the defendant introduced the testimony of its president, Mr. William Mehler, and the minute book of the directors' meetings, which was all of the evidence in- troduced. Upon a trial of this single issue, the court dis- missed the petition, from which judgment the plaintiff has appealed.

The minutes of the directors' meetings introduced do not show any intention or policy upon the part of the com- pany with reference to the lot in question, and it is insist- ed by counsel for plaintiff that a corporation can form an intention and adopt a policy only at a formal meeting of the board of directors, entered of record in its minute book, and that in the absence of an intention or purpose with reference to the lot in question so formed and proven, there is no evidence to sustain the judgment of the lower court, and that the evidence of the defendant's president as to the company's intention with reference to the lot, was wholly incompetent and of no probative value whatever.

To sustain this contention counsel for appellant cite numerous authorities, in which it is stated that directors have no power to bind their corporations, except in formal meetings; that they have no power to delegate their discretionary powers to an official, and that the powers of an official are limited to those properly dele- gated to him by the directors. This is unquestionably the general rule, but upon the other hand authorities are abundant that a corporation within its power may be bound by the manner in which it permits its officers in the regular course of business to conduct its affairs, even though there is no formal delegated authority for such officer to so act, and this, too, even though the act of an officer was in violation of express and formal direction, if by subsequent action the board had ratified such action or had merely acquiesced therein. See Bell & Coggeshall v. Kentucky Glass Works, 106 Ky. 7; Elk Valley Coal Com-

pany v. Thompson, 106 Ky. 614; L. & N. Ry. Co. v. Dickey, 24 Ky. L. R. 1710; Michaelroy v. Minneapolis Percheron Horse Co., 96 Wis. 317; Langsdale v. Bonton, 12 Ind. 1267; Brackston v. Stanton, 96 N. Y. S. 1096; Munsey v. Bell, 24 Utah 1048, 10 Cyc. 903. 17 Cyc. 506. But in our judgment, none of these authorities dealing with contractual responsibilities of corporations are of assistance in deciding the question now before us, because the only question involved in this, an action by the Commonwealth to deprive defendant of its property as a penalty for a violation of law, is the defendant's intention or motive in doing an act, the legality of which depends solely upon the motive with which it was done. We are inclined to think it would be quite unusual to find in the record of the directors' meetings of any corporation, a statement of the company's purpose in acquiring or holding property of any kind, but however that may be, we are quite sure that there is neither reason nor law requiring that its purposes or intentions shall be made a matter of record, nor that a record if made would or could ever be conclusive if competent upon such an inquiry. Such a record would no doubt, under some circumstances, be competent evidence, but the most formal declaration of good or lawful intent by a corporation would surely not be entitled to more weight than the declaration of an individual of his motive in doing an act, and could not be accepted as conclusive in an action where the intention or motive of the act was the vital factor in determining whether the act was legal or otherwise, especially in an action which, though civil in form, is of such a highly penal character as to subject the defendant, if guilty, to the loss of its property. Clearly in our judgment, when the Commonwealth attempts to deprive a corporation of its property as a penalty for an alleged illegal use, its president has the right to testify not only as to the present temporary uses to which the lot in question is being devoted, but also as to the company's needs and purposes as understood and being developed by him as executive agent, with reference to the lot in question, and to have his testimony weighed and considered in connection with any other proven acts or statements by the company or its responsible agents, or other circumstances that might have probative value in determining what in fact, was the company's real purpose in holding the property. It must be apparent that even if the directors of a corporation should

at a regular meeting duly declare and record its purpose to purchase and permanently hold real estate for a legitimate purpose in connection with its business, that such declaration, if not self serving and incompetent, would at least not be conclusive against the Commonwealth, if as a matter of fact, it could be shown by the uses to which the company had permanently devoted the property, or its lack of adaptability for use in connection with the company's business, or otherwise, that it was not its intention or purpose to use the property in any business it had authority to do it. And it seems equally apparent that even though there had been no record or formal declaration of intention, the Commonwealth could not take the real estate of a corporation by escheat, that it was actually using in the proper and necessary management of its business. In each of these instances, the intention of the company as a necessary ingredient of an offense charged, would certainly be provable by any act or statement or circumstance which had a tendency to prove the defendant's real intention or motive in doing the proscribed act, and such is, we think, the rule of evidence applicable here.

Mr. Mehler, the defendant's president, testified in substance that it is now and has been since the purchase of this lot the settled purpose of this company to establish branch yards in different sections of the city, to enable it to make deliveries to its patrons throughout the city, more promptly and less expensively; that the lot involved in this action, together with another lot subsequently purchased in the same block and facing the same street with but seventy-five feet intervening between the two, was being held by the company in pursuance of said policy, with the ever present intention of using these lots in connection with other property to be acquired adjacent thereto, as a branch lumber yard in that section of the city, for which purpose this property is peculiarly adapted; that the company had not sooner completed its design with reference to the lot in question, although it is at present engaged in improving property for use as a branch yard in another section of the city, because of the temporary depression in its business during the period immediately preceding the war, and the abnormal cost of material since the beginning of the war; that its business in this section of the city approximates $8,000.00 a year; that the company is a "close" corporation, hav-

ing only about nine stockholders, all or most of whom are related; that the meetings of its directors have been infrequent, and that the minutes of these meetings do not furnish a record of any considerable part of the transactions of the company; that he, as the president and sole executive officer, has for about twenty years, managed, developed and protected the company's business, in accordance with the wishes of the directors as expressed in informal discussions, rather than in formal orders of the board. This evidence in our judgment under the circumstances, was competent evidence to prove the intention of the company in holding the lot in question for a longer period than five years, and was substantial proof, and not being contradicted, sufficient to sustain the defendant's plea, that it was holding the lot in question in anticipation of its future use for a legitimate corporate purpose with an ever present purpose to devote it to such use.

Wherefore, the judgment is affirmed.