## Newark Shoe Stores Company v. Kemmis.

(Decided February 10, 1925.)

### Appeal from Kenton Circuit Court.

1. Master and Servant—Term of Employment Held for Jury.— Whether one suing for damages for breach of employment contract by premature discharge was employed for year or merely from week to week held for jury.

2. Principal and Agent—Whether Agent Had Authority to Bind Principal, and was Acting Within Scope of Authority in Executing Employment Contract, Held for Jury.—Whether defendant's agent who made contract with employe had authority to bind principal thereby, and was acting within apparent scope of his authority, held for jury.

3. Master and Servant—Verdict for Breach of Contract Held Not Against Evidence.—Verdict for plaintiff, in action for breach of employment contract by premature discharge, held not flagrantly against weight of evidence.

JUDSON A. SHUEY, EDWARD BRINK and RICHARD VAN HOEUE for appellant.

HORACE W. ROOT, B. F. GRAZIANA and ROOT & GRAZIANA for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

According to the allegations of the petition of appellee, James H. Kemmis, the appellant, Newark Shoe Stores Company, on the 28th day of March, 1921, contracted with him to work for it for a period of one year beginning on that date at $50.00 a week and certain expenses, and, under the contract, he immediately began and continued to work for it until October 15, 1921, at which time appellant discharged him in violation of the contract and refused to permit him to work for it. He diligently sought work from other sources but was unable to secure it, and by the violation of the contract he was damaged $1,206.75. By the petition he sought to recover that sum from it for the alleged violation of the contract pleaded. By answer appellant traversed the allegations of the petition. Trial before a jury resulted in a verdict for $900.00, on which judgment was duly entered, and appellant prosecutes this appeal.

The questions presented by this appeal require a brief statement of the facts. It appears that appellant

is the owner and manager of a chain of shoe stores throughout the country. It has a uniform plan for its store houses and upon the opening of a new store always puts in its own style of front and store fixtures. In view of the expansion of its business and the number of buildings which required remodeling to conform to its plan, appellant seems to have had a separate department devoted to that business under the supervision of one of its general officers known as manager or superintendent of construction. Appellee is a carpenter and mechanic and worked for appellant in remodeling the stores in which it opened up business. For himself he testified that on March 22nd he received a letter from R. Perry, one of appellant's agents, notifying him to come to Chicago, and offering to pay him $50.00 a week straight time, and railroad fare, street car fare and telephone calls and that he would be given steady work the year round. In response to the letter and subsequently wired instructions and expense money, he went to Chicago, and on March 28th made the contract sued on. He testified that R. Perry was superintendent of construction for appellant and employed him to work for it for a period of one year beginning then, and agreed to pay him $50.00 a week and railroad fare, street car fare and telephone calls. He stated that he worked under the contract until October 14th, when he was wrongfully discharged by appellant; that he diligently sought other employment throughout the rest of the year but was unable to obtain steady employment. He testified fully as to the time worked by him and the amount received by him during the remainder of the year. R. Perry, who admittedly was a construction foreman for appellant, testified to having made the contract with appellee and sustained appellee in all his testimony. He admitted employing appellee for a year and agreeing to pay him $50.00 a week and railroad fare, street car fare and telephone calls. He testified that at the time he did so he was superintendent of construction for appellant and had full charge of all its construction work throughout the country, and that he had full authority to make the contract and bind the company. C. P. Hendrix testified for appellant that R. Perry was not its superintendent of construction but that he (Hendrix) occupied that position and that Perry had no authority to employ men other than by the job on each store being remodeled. None of the records of the corporation were introduced and no other higher official

of the company testified in the case. It appears that prior to the filing of the petition herein appellee had sued appellant, basing his cause of action upon the letter received by him March 22nd as a written contract with appellant, and he swore to the petition setting up his cause of action. A demurrer to the petition in that case was sustained, and a subsequent amendment was filed which likewise was sworn to by appellee, but the petition as amended was subsequently dismissed without prejudice.

There is no controversy as to appellee having worked for appellant from March 28th until October 14th, during which time he was sent from city to city and engaged in carpenter's work in remodeling store buildings for appellant; and there is no controversy as to appellant having summarily discharged him on October 14th.

It is insisted for appellant that the court should have peremptorily instructed the jury to find for it on its own motion, upon the theory that the letter introduced by appellee was the only contract he had and that a proper construction of the letter constituting the contract is conclusive that the employment was not for a year but was merely from week to week. We have, however, the testimony of appellee himself and that of Perry to the effect that the contract was made between them after appellee reached Chicago and that appellee was employed to work for a period of one year. Under those facts this court is unable to hold that the trial court should have given the peremptory instruction offered by appellant.

It is insisted for appellant that the evidence for appellee as to the authority of its agent to employ him for a year was not sufficient to take the case to the jury. Perry's testimony established beyond question his authority to bind appellant upon the contract made by him. His testimony established the fact that he was manager of construction for appellant and that all of its business in remodeling store buildings for its use was under his control; that he was given full authority by the general manager of all of appellant's business to carry out the remodeling of its store buildings, and that he discussed the contract by which he employed appellee with Mr. Obendorfer, the general manager, before making the contract, and subsequently told him of having employed appellee for a year. Obendorfer, the general manager of appellant, did not testify in the case, and, as indicated,

the testimony is conflicting as to whether Perry or Hendrix was manager of construction.  Perry introduced in evidence, and there was exhibited to the jury, a business card which he testified was printed for and delivered to him by appellant which reads: "R. Perry, Manager, Construction Department of Newark Shoe Stores Company, 719-725 West Lombard Street, Baltimore."  The evidence discloses that other employes doing work similar to appellee had been employed previously by appellant on yearly contracts.  Under the facts introduced in testimony, it clearly was a question for the jury to determine. as to whether or not the contract was made and whether or not Perry, appellant's agent, had the authority to bind it by the contract he made, if indeed the evidence did not establish beyond question that in making the contract Perry was acting within the scope of his authority. Unquestionably he was appellant's agent.  He wrote the letter to appellee on appellant's stationery from its home office proffering the employment.  The letter advised that wired instructions would follow.  Appellant wired appellee the money with which to go to Chicago.  He went and met Perry pursuant to the letter and wired instructions.  That Perry had authority to employ him is established beyond question by the fact that under his employment appellee worked for appellant continuously from March to October, reported weekly to appellant, and was paid by appellant for all such work.  It might reasonably be said that under those circumstances in making the contract with appellee for a year Perry, appellant's agent, was acting within the apparent scope of his authority.  On the question, in Commonwealth, etc. v. Mehler & Eckstenkemper Lumber Co., 183 Ky. 11, 208 S. W. 13, this court said

"To sustain this contention counsel for appellant cite numerous authorities, in which it is stated that directors have no power to bind their corporations, except in formal meetings; that they have no power to delegate their discretionary powers to an official, and that the powers of an official are limited to those properly delegated to him by the directors.  This is unquestionably the general rule, but upon the other hand, authorities are abundant that a corporation within its power may be bound by the manner in which it permits its officers in the regular course of business to conduct its affairs,

even though there is no formal delegated authority for such officer to so act, and this, too, even though the act of an officer was in violation of express and formal direction, if by subsequent action the board had ratified such action or had merely acquiesced therein.''

The instruction given clearly and concisely submitted to the jury the issues made by the pleadings and proof. The issues were determined by the jury, and it cannot be said that the verdict is flagrantly against the weight of the evidence.

For these reasons the judgment of the lower court is affirmed.