## Farmers' & Merchants' Bank of Elkton v. Wisdom.

(Decided June 27, 1928.)

### Appeal from Todd Circuit Court.

1. Trial.—In action against bank by depositor for losses sustained by her when cashier invested her funds in worthless notes, credibility of witnesses was for jury.

2. Banks and Banking.—Bank, like any other corporation, is bound by acts of its officers and agents acting in regular course of business, and permitted by directors of the bank in their own interest to be so conducted for a considerable period of time.

3. Banks and Banking.—Act of cashier who was executive officer of bank in charge of its affairs, and who was acting for benefit of bank, although helping its customers in management of their investments, held binding on bank, where he invested funds of depositor in worthless notes held by bank.

4. Banks and Banking.—Bank was authorized to make contract whereby its cashier agreed with depositor that her money should be invested in good commercial paper, since terms of contract and conduct of parties thereunder was nothing more than the borrowing and lending of money.

5. Appeal and Error.—On appeal from judgment after verdict for plaintiff reviewing court must assume plaintiff's evidence to be true.

6. Banks and Banking.—Bank owning past-due note on which maker was in default could not sell note to depositor through cashier by transferring her deposit to bank's account and dispute either its power or the authority of the cashier.

7. Banks and Banking.—Deposit of plaintiff's money with bank and its conduct of the business for the mutual benefit of the parties held sufficient consideration to support contract of bank to invest depositor's money in good commercial paper.

8. Banks and Banking.—Bank, obtaining funds of depositor under contract that her money should be invested in good commercial paper, cannot, after performing contract as agreed for several years, escape the consequences thereof by asserting a lack of consideration at the origin of the transaction.

9. Banks and Banking.—Under agreement by which bank agreed that depositor's money should be invested in good commercial paper, cashier could not, without depositor's knowledge, assign a note to her indorsed by bank without recourse, which note was past due, and on which the maker was in default, thereby enabling bank to unload worthless paper on depositor.

10. Bills and Notes.—When a note is indorsed without recourse, indorser is not relieved of liability, if there is sufficient evidence of concealment, fraud, or misrepresentation to justify submission of the issue and to sustain the verdict reached by the jury.

11. Banks and Banking.—In action by depositor against bank for losses sustained when bank placed her funds in worthless paper, evidence of concealment, fraud, or misrepresentation of bank in assigning to depositor without recourse on bank past-due note, on which maker was in default, held for jury.

12. Trial.—Action by depositor to recover definite losses on specific notes on a contract by which bank agreed to invest her funds in good commercial paper held at law under Civil Code of Practice, sec. 11, and motion to transfer case to equity was properly overruled.

13. Appeal and Error.—That court might have submitted plaintiff's claims and defenses thereto in terms more concise and instructions more compact is not error, when it appears that nothing prejudicial to appellant was embodied in them.

14. Appeal and Error.—Reviewing court need not consider whether instructions were not more favorable to appellant than was warranted by the facts adduced, where there was no cross-appeal by appellee.

15. Bills and Notes.—Judgment awarding plaintiff full amount of notes with interest, leaving her in custody and control thereof, held not erroneous, since, when defendant paid plaintiff value of notes, it will be entitled to be subrogated to any rights she may have to collect them from makers, and possession of notes can then readily be obtained.

16. Banks and Banking.—Bank has power to guarantee commercial paper which it owns, and of which it is disposing as an incident to the power of sale.

17. Appeal and Error.—Verdict of jury on conflicting evidence is conclusive under Civil Code of Practice, sec. 756, when no error of court is manifested by the record.

SELDEN Y. TRIMBLE for appellant.

O. P. ROPER for appellee.

Opinion of the Court by Judge Willis—Affirming.

Mrs. Beulah R. Wilson instituted this action against the Farmers' & Merchants' Bank of Elkton, Ky. She alleged in her petition in substance that she had in the custody of the bank government bonds of the value of $8,000 and a deposit account of considerable size, which, at the solicitation of the bank through its cashier, who was the active officer in charge of the bank, she permitted it to invest for her. It was agreed that the money should be invested in good commercial paper that would yield her a greater rate of interest than she was receiving, and that such investments should be as safe as the government bonds. Her husband had recently died and left her some valuable land, which was also converted into money and turned over to the bank for the same purpose and on the same terms.

She alleged that the cashier of the bank, without her consent, drew money from her deposit account and invested it in a note of H. E. Webb for $3,000, one of Verna Bodine for $500, and one of J. C. Penick & Co. for $5,686.50. She alleged that the makers of these notes were, at the time the investment was made, and ever since, insolvent, and their notes wholly without value. She sought to recover a judgment for the aggregate amount of the notes with the unpaid interest thereon. The allegations of the petition were denied by answer, and several affirmative defenses relied upon which were traversed by plaintiff. The case was tried by jury, resulting in a verdict in favor of the bank as to the Penick note, and in favor of the plaintiff as to the Webb note and the Bodine note. The bank prosecutes this appeal, insisting that error intervened at the trial to its prejudice in several particulars, which will be noticed in the opinion.

It is insisted that the contract between the parties, as alleged in the petition, was never made; that the verdict of the jury is flagrantly and palpably against the evidence; that the cashier acted individually and not officially; that the plaintiff's laches estopped her from asserting the claim; that she ratified and confirmed the acts of the cashier in each instance; and that the notes were actually valid and collectible. It is apparant, however from the record that there was sufficient testimony on each and every one of these issues of fact to require submission of the case to the jury and to sustain the verdict, and, if the jury was properly instructed, the appel-

lant is concluded by the verdict. The credibility of the witnesses was for the jury, and the issues of fact presented were such as had to be determined by the jury when there was testimony tending to resolve them in plaintiff's favor. Steinke v. North Vernon Lbr. Co., 190 Ky. 231, 227 S. W. 274.

The plaintiff testified positively to the contract with the bank as alleged in her petition. The cashier, with whom the contract was alleged to have been made, denied with equal certitude that it was made at all. The circumstances of the case showed that some arrangement existed between the parties pursuant to which numerous transactions extending over a number of years were proven. The jury had a right to determine the truth of the matters involved, and its finding is consistent with the circumstances shown, and not flagrantly against the evidence.

The cashier was the executive officer of the bank in charge of its affairs. The public dealt with the bank through him. The testimony shows that he was acting for the benefit of the bank, although helping its customers in the management of their investments. It is well settled that a bank, like any other corporation, is bound by the acts of its officers and agents acting in the regular course of business, and permitted by the directors of the bank in their own interest to be so conducted for a considerable period of time. Deposit Bank v. Fleming, 44 S. W. 961, 19 Ky. Law Rep. 1949; First National Bank v. Bryan, 215 Ky. 339, 285 S. W. 239; Hall-Watson Furniture Co. v. Cumberland T. & T. Co., 203 Ky. 90, 261 S. W. 883; Kozy Theatre Co. v. Love, 191 Ky. 602, 231 S. W. 249; Com. v. Mehler, 183 Ky. 11, 208 S. W. 13; Caddy Oil Co. v. Sommer, 186 Ky. 843, 218 S. W. 288.

It is further insisted that the bank itself was without authority to make a contract of the character relied upon by the plaintiff. The terms of the contract, and the conduct of the parties under it, was nothing more than the borrowing and lending of money. Plaintiff's money was deposited with the bank, and the relation of debtor and creditor was thereby created. Taylor v. Taylor, 78 Ky. 470. It is well settled that a banker is essentially a dealer in capital, and usually the intermediate party between the borrower and the lender. He borrows of one party and lends to another, and the difference between the terms at which he borrows and lends

is the source and measure of his profits.  7 C. J. 592; Curtis v. Leavitt, 15 N. Y. 166; Deposit Bank v. Fleming, 44 S. W. 961, 19 Ky. Law Rep. 1949.

With reference to the Webb note, the liability of the bank is sustainable on another ground, if the plaintiff's evidence is true, which we must assume, in view of the verdict.  The bank itself owned the Webb note, which was past due, and the maker in default.  It was sold by the bank through the cashier, and placed by him in the assets of Mrs. Wisdom; $3,000 of her money was withdrawn from deposit and appropriated to the purposes of the bank.  When she learned of it, she protested, and was assured that it was all right, and the bank was behind it.  The bank could not thus dispose of the paper, obtain the customer's money, and dispute either its power or the authority of its executive officer.  7 C. J. 596; Citizens' Bank v. Waddy Bank, 126 Ky. 169, 103 S. W. 249, 31 Ky. Law Rep. 365, 11 L. R. A. (N. S.) 598, 128 Am. St. Rep. 282.

A bank has a right to lend money and take notes therefor, or purchase notes from others who had lent money thereon.  It has likewise an undoubted right to sell its notes, and in such transactions is acting clearly within its power, and incurs the same liabilities as other persons in like dealing.

The bank interposed a plea that there was no consideration for the contract alleged by the plaintiff, but it is obvious, in view of what we have said, that the deposit of the money with the bank, and its conduct of the business for the mutual benefit of the parties, was a sufficient consideration to support the contract.  A bank cannot obtain the funds of a customer under a contract, and, after performing it as agreed for several years, escape the consequences of the contract by asserting a lack of consideration at the origin of the transaction.  Luigart v. Federal Parquetry Mfg Co., 194 Ky. 213, 238 S. W. 758; Sternberg Dredging Co. v. Bondurant, 223 Ky. 668, 4 S. W. (2d) 686.

It appears in evidence, that when the bank assigned the Webb note to the plaintiff, there was an indorsement to the effect that the assignment was without recourse. It will be recalled that the cashier did not deal with the plaintiff in the sale of that note, but simply took it from the assets of the bank and placed it in the safety box of the plaintiff, which was under his control, and to which

he had access. Her money was withdrawn from deposit and paid to the bank. Mrs. Wisdom testified that she did not know the indorsement mentioned was on the note. The cashier could not, under these circumstances, impose a contract on the plaintiff which would enable the bank to unload worthless paper upon its customer. We have held that, when a note is indorsed without recourse, it does not relieve the indorser, if there was sufficient evidence of concealment, fraud, or misrepresentation to justify submission of the issue, and to sustain the verdict reached by the jury. This case falls within that rule, and the court did not err in leaving to the jury the determination of that question. Hartsfield v. Pace, 189 Ky. 95, 224 S. W. 647; First State Bank's Receiver v. Farmers' Bank, 155 Ky. 693, 160 S. W. 250.

The bank complains that the court erred in refusing to transfer the case to equity. The action was at law, and the issues tendered were properly triable by a jury. The defenses interposed were likewise of a legal nature. Civil Code, sec. 11; Bell v. Duncan, 196 Ky. 574, 245 S. W. 141. The motion to transfer to equity was entered before the answer was filed, but, when the answer was filed, it worked no change in the character of the case. The court was not in error in overruling the motion. It was not a suit for an accounting by an agent of the affairs of the agency. It was an action upon a contract to recover definite losses on specific notes. Whether the losses were such as rendered the bank liable depended upon a finding of facts from conflicting evidence. These issues were purely legal, and were so simple that a jury was the proper tribunal to determine them.

Complaint is made of the instructions of the court. Although somewhat lengthy and elaborate, they submitted all of the defenses interposed by the bank. The fact that the court might have submitted the plaintiff's claims and the defenses thereto in terms more concise and instructions more compact is not error, when it appears that nothing prejudicial to appellant was embodied in them. The jury could not have been misled, and the verdict shows that it was not. It found in favor of the bank as to the largest of the notes, and for the plaintiff as to the others. There is no cross-appeal, and it is unnecessary to consider whether the instructions were not more favorable to the bank than was warranted by the facts adduced.

Louisville Gas & Elec. Co. v. Beaucond, 188 Ky. 725, 244 S. W. 179; Ray v. Shemwell, 186 Ky. 442, 217 S. W. 351; Fullenwider v. Brawner, 224 Ky. 274, 6 S. W. (2d) 264; Pacific Mutual Life Ins. Co. v. Cash, 224 Ky. 292, 6 S. W. (2d) 239; Town of Whitesburg v. Baker, 196 Ky. 272, 244 S. W. 686.

The bank also complains that the judgment awards the plaintiff the full amount of the notes, with interest, leaving her in the custody and control of the notes, filed in the record. The bank made no demand for delivery of the notes and that question is not here. When the bank pays the plaintiff the value of the notes it will be entitled to be subrogated to any rights she may have to collect them from the makers, and possession of the notes can readily be obtained. This detail is in control of the court, and does not affect the fairness of the trial or the correctness of the judgment.

It is finally insisted that the effect of the judgment is to hold the bank liable as a guarantor of the debt of another. Authorities are cited to sustain the general rule that a corporation such as a bank has no power to enter into a contract of suretyship or guaranty or to lend its credit to another, unless such contract is reasonably necessary or is usual in the conduct of the business. Monarch v. Farmers' & Traders' Bank, 105 Ky. 437, 49 S. W. 317, 20 Ky. Law Rep. 1351, 88 Am. St. Rep. 310; Farmers' Bank v. Thixton, 199 Ky. 69, 250 S. W. 504.

It is equally true that a bank has power to guarantee commercial paper which it owns and of which it is disposing as an incident to the power of sale. 7 C. J. sec. 239, p. 595; Thomas v. City Nat. Bank, 40 Neb. 501, 58 N. W. 943, 24 L. R. A. 263.

It is not uncommon for a financial institution to dispose of commercial paper held by it, and it cannot be doubted that a bank has a right as an incident of the sale of such securities to guarantee their validity and value. In such transactions, it is not an accommodation indorser or surety for other people. It is but making its own contract in due course of business, within its power, and necessary to the conduct of its affairs.

It is quite clear that the trial was fair, and that no errors were committed by the court prejudicial to the substantial rights of the appellant. The verdict of a jury on conflicting evidence is conclusive, when no error of

the court is manifested by the record. Civil Code, sec. 756; Ramey v. Ironton Lumber Co., 166 Ky. 295, 179 S. W. 207.

Judgment affirmed.

Whole court sitting.