CASE 13—PETITION EQUITY—JUNE 25.

## Russell's executor, &c. vs. Moore's heirs, &c.

APPEAL FROM FAYETTE CIRCUIT COURT.

The possession of a tenant is notice to a purchaser—of the actual interest he may have, either as tenant or by an agreement to purchase the premises.

A dowress, while in possession of lands and slaves assigned her for dower, purchased of one of the heirs his reversionary interest therein—the purchase of the interest in the land being by executory contract, and that in the slaves by absolute bill of sale. Subsequently, an execution issued against the heir, under which his interest in the land and slaves was levied on and sold. *Held*—that the title acquired by the purchaser under the execution cannot prevail over the equity of the dowress as purchaser from the heir—her possession being notice of her claim.

ROBINSON & JOHNSON, for appellants.
BUCKNER & DUDLEY, for appellees.

Russell's executor, &c. vs. Moore's heirs, &c.

. JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

A tract of land and certain slaves had been assigned to Mrs. Moore, as dower in the estate of her deceased husband. Whilst in possession as dowress she bought of William Moore, one of her sons, his reversionary interest in the land and slaves. The purchase of his interest in the land was by executory contract, and of his interest in the slaves by an absolute bill of sale.

An execution subsequently issued in favor of Busey against said William Moore, and was levied upon his interest in the dower land and slaves, of which Russell became the purchaser at the sale made under this execution. And the only question presented by the record is whether the title thus acquired by Russell will prevail over the equity of Mrs. Moore.

We are not aware that any similar question has ever been decided by this court. By the English authorities, however, the doctrine seems to be well settled that the possession of a tenant is notice to a purchaser of the actual interest he may have, either as tenant, or by an agreement to purchase the premises. In the case of *Daniels v. Davidson*, (16 *Vesey*, 250,) Lord Eldon held, that "where there is a tenant in possession under a lease or an agreement, a person purchasing part of the estate must be bound to inquire on what terms that person is in possession." And further, that in that case "the tenant, being in possession under a lease, with an agreement in his pocket to become the purchaser, those circumstances altogether give him an equity, repelling the claim of a subsequent purchaser who made no inquiry as to the nature of his possession."

American decisions to the same effect might be cited if deemed necessary. The doctrine is not only thus sanctioned by the highest judicial authority, but, in our judgment, is consistent with reason and sound policy.

The judgment of the circuit court being in conformity with this view is affirmed.