## Little v. Consolidation Coal Company.

(Decided April 18, 1916.)

### Appeal from Letcher Circuit Court.

1. Action—Joinder.—Actions to obtain relief on both contract and tort cannot be joined.

2. Negligence—Failure of Proof.—Where the evidence is equally consistent with the existence or non-existence of negligence, the plaintiff has failed to prove negligence and must fail.

3. Negligence—Mines and Minerals—Evidence.—Proof of a single previous violation of a mine rule made and published by the company for protection of its employes, does not charge the company with negligence in failing to enforce the rule.

ROSCOE VANOVER for appellant.

W. G. DEARING, D. D. FIELDS, JESSE MORGAN and ALLIE W. YOUNG for appellee.

OPINION OF THE COURT BY JUDGE CLARKE.—Affirming.

Appellant, who was plaintiff below, filed this suit against appellee, his employer, seeking to recover $3,000.00 damages for injuries sustained by him on June 8, 1913, when a loaded coal car that he was running out of the mine on a track laid for that purpose jumped the track at one of the several switches which connected the main track with tracks leading to different parts of the mine.

He alleges that the accident was caused by the negligence of some other servant of appellee working in a different department negligently setting the switch where the accident occurred so as to throw the car off the track.

He also alleges that said accident was caused by the negligence of appellee in failing to establish, publish and enforce rules among its employes against tampering with the switches.

The allegations of the petition were denied and contributory negligence and assumed risk pleaded, which affirmative pleadings were traversed by reply.

Thereafter appellant filed an amended petition alleging that a short time before the accident he knew the switch had been left open; that he informed appellant's bank boss who had charge of same, and whose duty it was to furnish appellant a reasonably safe place to work and safe appliances, that the switches were being left

open by appellee's servants, and that said bank boss promised appellant to see to it that said switches were not left open any more, and that appellant relied upon this promise.

Appellee objected to the filing of this amended petition, and its objections having been overruled, it was filed and by consent traversed of record.

Upon the trial at the close of appellant's testimony the court sustained appellee's motion for a directed verdict, and entered a judgment dismissing the petition.

Appellant contends that under the proof he was entitled to have his case submitted to the jury upon each of the following propositions: (1) Negligence of the appellee in failing to publish and enforce reasonable rules and regulations for the safety of its numerous employes. (2) Negligence of a fellow servant working in a different department of appellee's services from which appellant was engaged. (3) That the assurances given him by the bank boss that he would see to it that the switches were not set against him any more constituted a contract binding upon the company.

It is contended for appellee that the amended petition was a departure in that it sought to recover on contract, and that it could not therefore be joined with the causes of action set up in the original petition which were upon tort; and that even if the filing of the amended petition was proper, the appellant was not entitled to recover upon said promise as a contract because the evidence failed to show authority upon the part of the servant who made this promise to him to make a contract on behalf of the company.

1. We will first dispose of the question arising in connection with the amended petition. It has been so frequently held by this court that actions to obtain relief on both contract and tort cannot be joined under section 83 of the Civil Code, that we deem it unnecessary to do more than to cite the following authorities upon the question. C. & O. R. Co. v. Patton, 146 Ky. 656; Willis v. Tones, 141 Ky. 431, and Newman on Pleading and Practice, section 372.

However, the evidence here is not sufficient to show any authority upon the part of the bank boss, who is alleged to have made this assurance to appellant, to bind the company upon a contract, and even if the amended

petition was properly filed it cannot avail appellant as a contract.

2. The evidence for appellant shows that about five minutes before the accident, as he was going into the mine for the purpose of running the car out, he set the switch so as to lead his car from the head of the entry, where he got it, off of that track and on to the main track; that there was a sufficient grade to cause the car to run of its own weight from the place where appellant took charge of it onto the main track where he was to leave it, to be taken on out of the mine by a motor; that a brake was on the rear end of the car where appellant had to stand to operate the brake and control the car; that after he had started the car, and while he had it under control, and as it turned off of the switch track onto the main track at the switch, it jumped the track, and appellant was injured in the wreck.

The testimony shows that after the accident the switch was set against appellant, but there is no evidence to show how or by whom the condition of the switch had been changed since appellant had set it as he went into the mine about five minutes before, and from the evidence it might have been negligently done by some other of appellee's employes, or purposely by some one who had a spite against the appellant, or it possibly might have been done by the force and manner in which the car struck the switch.

Appellant attempts to account for the changed condition of the switch by the fact that a few days before the accident he had seen an Italian, whom he did not know, change it after he had fixed it so as to let his car out in safety. Appellant testifies that so far as he knew there was no one in the mine at the time of the accident except employes of appellee, of whom there were between seventy-five and one hundred and twenty-five. He contends that therefore it must be assumed that the change in the switch was the negligent act of some employe of appellee, but to this contention we cannot agree. Where from the evidence it is equally as consistent to believe that the accident resulted from the want of negligence upon the part of the defendant as to believe it resulted from his negligence, the plaintiff has failed to prove negligence and cannot recover. Woodburn v. Union Light, Heat & Power Co., 164 Ky. 33; C. & O. R. Co. v. Adkins, 167 Ky. 329; Caldwell's Admr. v. C. &. O. R. Co., 155 Ky.

609; L. & N. R. Co. v. Chambers, 165 Ky. 736; L. & N. R. Co. v. Mink, 168 Ky. 394.

3.  Appellant contends that since appellee's business is dangerous, complicated and carried on by a great number of servants it was its duty to make, publish and enforce reasonable rules and regulations to protect its employes from the negligence of each other. Citing 4 Thomp. Neg. 4135, and section 4161. Assuming that this correct rule was applicable in the instant case, the testimony of appellant shows that this company had such a rule in reference to the conduct of its employes with reference to the switches, but the proof fails to show that this rule which the company had made and published was not enforced. Appellant only proves that upon a single occasion when he says the Italian set this same switch against him that this rule was ever violated by an employe of the company, unless it happened again at the time of this accident. Section 4161 of Thomp. Neg. cited by appellant, after stating the duty of the company to enforce such a rule when it is its duty to make and publish same is as follows:

"If, therefore, it comes to the knowledge of the employer that the rules which he has devised for the protection of his servants are *habitually disobeyed* by a particular servant, and he takes no step to remedy such misconduct, he will be liable to a fellow servant of such disobedient servant for an injury happening through the violation of such a rule."

And section 4162 of the same volume reads thus:

"But, whatever the sound view on this question may be, it is clear, upon all the analogies, and upon good authority, that the employer is not an *insurer* of the observance of his rules, but that the measure of his duty is discharged when he exercised reasonable care to the end of enforcing them."

From which it will be seen that appellant totally failed to show a failure upon the part of appellee to so enforce said rule as to render it liable for the accident in this case.

Appellant having failed to make out a case upon any of the propositions upon which he based his right of recovery, the lower court properly sustained appellee's motion for a peremptory instruction.

Wherefore the judgment is affirmed.