## Elliott, et al. v. Marrs.

(Decided January 17, 1928.)

### Appeal from Pike Circuit Court.

Landlord and Tenant.—Lease of strip of land for use as roadway for logs for time not to exceed 50 years, under agreement providing that if yearly rental payments were not paid 30 days after due "this contract is to be null and void immediately," held terminated by lessee's ceasing to pay annual rentals, and lessee was therefore not liable for rent after date of such termination.

MOORE & CHILDERS for appellants.

L. J. MAY for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

On the 16th day of March, 1920, the appellee entered into a contract with appellants by the terms of which she leased to appellants a strip of land over a part of her farm which was to be used as a roadway to cable, haul, or roll logs to the point of transportation. The rental yearly was stated as $150, and it was to be paid in advance on the 16th day of March each year as long as the contract should remain in force. There was no time limit in the

contract other than it should not run for a longer period than 50 years. The rentals were paid under the contract for 3 years, which brought it up to March 16, 1924. After that date no payments were made, and this suit was brought to recover the yearly rental due on March 16, 1924, and March 16, 1925. Judgment was rendered in favor of appellee for $300. The defense which appellants presented in the lower court was that they did not make the rental contract as alleged in the petition, but they admit that they obtained a right of way across the lands of appellee which was to be used as a road, and that they had the privilege under the terms of the contract of stretching a cable over the land for the purpose of moving coal across the land by means of an aerial tram. In addition they claimed they were to have a certain house which was of value to them. They claimed that the appellee had made other rental contracts which deprived them of the use of the house and other rights which they obtained by reason of the contract of March 16, 1920. They also claimed that they had transferred their interest growing out of the contract to the Christie-Darby Mining Company, and that company fully settled all that might be due appellee by reason of the contract and turned it back to her, thus terminating it.

As a further defense appellants pleaded that neither they nor the Christie-Darby Mining Company had made any use of the right of way after the date to which the rent had been paid, and that under the terms and provisions of the contract it was terminated immediately after the failure to pay the annual rentals. The contract contains this provision:

"Should said amount of yearly payments, or any one of them, be not paid within thirty days after it becomes due, and the parties of the second part or assignees failing to pay in said time above named, then and in that event this contract is to become null and void immediately, and parties of the second part or their successors to have no rights or privileges thereunder."

The contract was not to become void at the election of appellee, but the provision was self-executing. There was no time limit in the contract other than that it should not run beyond 50 years. The appellee by the terms of

the contract let this right of way and incidental privileges, and it was to continue in force as long as the rentals were paid. When appellants ceased to pay the rentals, the contract should automatically terminate.

It is argued by counsel for appellee that a lease contract binds both parties thereto for the life of the lease. If that should be conceded, the answer is that the life of this lease was no longer than the date to which the rentals were paid, unless the rentals for the subsequent year were paid within 30 days thereafter. No judgment should have been rendered against appellants.

Appeal granted, judgment reversed, and cause remanded for proceedings consistent with this opinion.