## SCHNEIDER v. SPRINGMANN.

Circuit Court of Appeals, Sixth Circuit.
April 3, 1928.

No. 4913.

1. **Landlord and tenant** ⟂101½—**Provision for forfeiture of lease on lessee's bankruptcy held enforceable at lessor's option.**

Under condition in lease providing that, on bankruptcy of lessee, lease should become immediately forfeited, lessor *held* to have option as to whether she would enforce such forfeiture under rule that party for whose benefit condition is provided has election whether or not to insist on it.

2. **Landlord and tenant** ⟂101½—**Lease provision for forfeiture on lessee's bankruptcy will not be unnecessarily interpreted to permit lessee by his own default to bring about his release.**

Lessee, on becoming bankrupt, *held* not necessarily released from further obligation under provision that lease should become immediately forfeited on lessee's bankruptcy, but such forfeiture is enforceable at option of lessor, in view of rule that condition will not unnecessarily be interpreted so as to permit one party by his own default to bring about his release.

3. **Landlord and tenant** ⟂101½—**Provision that lease should be "forfeited" on lessee's bankruptcy is not equivalent to provision that it should be "terminated."**

Provision in lease that lessee's bankruptcy should cause lease to "become immediately forfeited" *held* not equivalent to provision that lease should be "terminated," since words are not synonymous, but "forfeited" strongly implies election by person who is to take thing forfeited.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Forfeit—Forfeiture; Terminate—Termination.]

4. **Landlord and tenant** ⟂101½—**Clause in lease providing it should be void at lessor's option in certain events does not preclude holding that lessor also had option under clause providing forfeiture on lessee's bankruptcy.**

Clause in lease expressly providing that it should be void at lessor's option in certain events, though showing that parties knew how specifically to make option controlling element, *held* not to require holding that lessor had no option as to enforcement of forfeiture on lessee's bankruptcy provided for under another clause, especially in view of implied agreement not to become bankrupt.

Appeal from the District Court of the United States for the Western District of Kentucky; Charles I. Dawson, Judge.

In the matter of the American Butcher Shops, bankrupt. Susie M. Springmann filed a claim for rent with the referee, who approved the claim in part. On review, the District Judge reversed the referee's order and allowed the full claim, and Samuel J. Schneider, trustee, appeals. Affirmed.

Joseph Lazarus, of Louisville, Ky., for appellant.

Leo T. Wolford, of Louisville, Ky. (Wm. Marshall Bullitt and Bruce & Bullitt, all of Louisville, Ky., on the brief), for appellee.

Before DENISON and MOORMAN, Circuit Judges, and TUTTLE, District Judge.

DENISON, Circuit Judge. The appellee, Mrs. Springmann, who was the lessor of the business premises of the (involuntary) bankrupt, filed with the referee a claim for rent. The lease called for $800 per month; at the time of filing the petition in bankruptcy, one month's rent was due, another month accrued while the bankruptcy receiver was in possession, and nine months of the term remained after the estate moved out. The claimant prayed a lien for this eleven months' rent pursuant to the Kentucky statute. Section 2317, Ky. Stats.; Courtney v. Fidelity Co. (C. C. A. 6) 219 F. 57. The referee approved the claim of lien until the time the receiver took possession and allowed the claim during the possession of the receiver as an expense of administration; but disallowed the remainder. On review, the District Judge reversed the referee's order and allowed the full claim with full lien for the eleven months' period. The decision turns upon the precise language of the lease. One paragraph says, "Should the lessee become bankrupt or go into involuntary liquidation, then, in such event, this lease shall become immediately forfeited, and all payments made thereon shall be forfeited to the lessor." There is the following "additional stipulation": "(10) This lease, at the option of the lessor, shall be void in case of any violation of any agreement or covenant herein contained." It is the contention of the lessee that, because he had become bankrupt, the lease thereupon came to an end and imposed no further obligation upon him; the lessor contends that "shall become immediately forfeited" means that it was forfeited at her election.

[1, 2] Two considerations lead us to agree with the District Judge. One is that ordi-

narily the party for whose benefit a condition is provided has an election whether or not to insist upon the condition; and this principle applies to leases as well as to other contracts. "Leases which * * * declare that on the happening of the contingency the demise shall thereupon become null and void [mean] that the forfeiture may be enforced * * * at the option of the lessor." Ewell v. Daggs, 108 U. S. 143, 149, 2 S. Ct. 408, 412 (27 L. Ed. 682). See, also, Taylor's Landlord and Tenant (8th Ed.) § 492. We must look upon this condition as being dominantly for the benefit of the landlord. She had normally a complete legal right to the rent for the full term, and would not naturally yield it up; in the ordinary case of bankruptcy, it may or may not be in the interest of the lessor to have a forfeiture, and the right to elect would not naturally be given up. Nor was it seemingly for the benefit of the lessee to have the lease terminated. Often, an existing lease is an asset most valuable to the lessee, and he would not naturally intend an advance to deprive himself of that asset. Another aspect of the same reason is found in the correlative rule that a condition will not unnecessarily be interpreted so as to permit one of the parties, by his own default, to bring about his release. Whatever might be thought of involuntary bankruptcy or liquidation, it is clear that·a voluntary bankruptcy would satisfy this condition and that such bankruptcy would be at the wish of the lessee. It cannot be assumed that the lessor would have acquiesced in the acquiring by the lessee of a right by which the lessee could, at his own election, defeat all further obligations.

It is true that, if the rule is the same in Kentucky as in Ohio, and if therefore a claim for further rent is not provable in bankruptcy nor dischargeable therein (Wells v. Twenty-first St. [C. C. A. 6] 12 F.[2d] 237), the lessee might look forward to a benefit by providing that the lease should be by bankruptcy absolutely ended; but such possibility is not strong enough to be impressive as an aid to determining the intent of the parties.

[3] The other controlling reason is that "forfeited" and "terminated" are not synonymous; it would have been easy to say "terminated." A thing is hardly "forfeited" unless it has previously been "forfeitable" or "forfeit." These words strongly imply an election by the person who is to take the thing forfeited. The Century Dictionary definition of the verb, used in the applicable form, is that the owner by his own act has "become liable to be deprived of" the article. See Small v. Clark, 97 Me. 304, 54 A. 758. Different considerations prevail when a statute declares things forfeited to the government because they have been used in crime; the officers of the government can have no election in such case. U. S. v. Stowell, 133 U. S. 1, 16, 10 S. Ct. 244, 33 L. Ed. 555.

[4] The further clause (10), which expressly provides that the lease shall be void at the option of the lessor in certain events, shows, it is true, that the parties knew how specifically to make the option of the lessor the controlling element when they wished to; but this consideration alone is not persuasive that they did not intend the lessor to have another option, otherwise appropriate, merely because the option clause was not also there contained. Indeed, since there is at least an implied agreement contained in the lease not to become bankrupt, the express option of clause 10 might well be extended to the contingency of bankruptcy.

Our attention is called to Elliott v. Marrs, 222 Ky. 642, 1 S. W. (2d) 1049. Since what was there involved was practically a mere license, we do not think that decision applicable here.

The order is affirmed.