## In re SOUND, Inc.

## ATWELL BLDG. CORPORATION v. SOUND, Inc.

### No. 9622.

United States Court of Appeals Seventh Circuit.

Dec. 22, 1948.

W. L. McKay and Vincent O'Brien, both of Chicago, Ill., for appellant.

Preston Boyden, Wm. M. Doty and John A. Bussian, all of Chicago, Ill., for appellee.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

MINTON, Circuit Judge.

The appellant leased part of a building to Sound, Inc., for a term of years to expire

in 1950. The lease contained the following pertinent provision:

"Third:—That in order more effectually to secure to the lessor the payment of rent and the performance of all other covenants herein contained, it is agreed as an additional condition of this lease that the filing of any petition in bankruptcy or insolvency by or against the lessee shall constitute a breach of this lease and thereupon ipso facto, and without entry or other action by the lessor, this lease shall terminate and not withstanding any other provisions of this lease the lessor immediately upon said termination and without action or notice, shall be entitled to recover as liquidated damages for such breach an amount equal to the amount of the rent reserved in this lease for the unexpired portion of the term thereof, plus the estimated cost of obtaining a new tenant for the demised premises, less the fair rental value of the premises for said unexpired portion of said term."

On November 8, 1946, an involuntary petition in bankruptcy was filed against Sound, Inc., but there was never an adjudication. The proceeding became a reorganization proceeding under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., and Fred Donenberg was appointed trustee.

After the petition in bankruptcy was filed and while the appellant was aware of its existence, the appellant billed Sound, Inc., for rent in accordance with the terms of the lease, for the months of December, 1946 and January, 1947, and the appellant received as rent for those months the payments tendered it by Sound, Inc. From February, 1947 to August, 1947, the appellant billed Sound, Inc., "for the use of the premises during the month" and the appellant, as the appellee contends and as it was found below, accepted the payments for these months as rent.

On March 27, 1947, the appellant filed its petition in the bankruptcy proceeding for possession of the premises, claiming the lease had been terminated by its terms upon the filing of the petition in bankruptcy. The matter was referred to a master who found that the appellant had waived the provision of the lease for termination by the acceptance of the payments as rent after the bankruptcy proceeding had begun and with knowledge of the bankruptcy proceeding, and recommended that the petition be denied and the petition dismissed. The court entered an order accordingly, and from this order the appellant has appealed.

■ The appellant contends that the termination provision of the lease constituted a conditional limitation that could not be waived by the appellant, and that the lease terminated by its own terms when a bankruptcy proceeding was instituted. We think that it makes no difference to a court of bankruptcy, which in effect is a court of equity, whether the provision of the lease was a conditional limitation or a condition subsequent. It was obviously made for the benefit of the lessor (Moffat Tunnel Improvement Dist. v. Denver & S. L. Ry. Co., 10 Cir., 45 F.2d 715, 730; Schneider v. Springmann, 6 Cir., 25 F.2d 255, 256) and if the lessor did not want to treat the lease as terminated, it had a right to do so. Since the appellant did not treat the lease as terminated, although it had full knowledge that the grounds for termination had occurred, it will not be heard to say afterwards that the lease had been terminated.

When the event upon which the termination was to take place happened, a breach of the lease occurred. The appellant had a right, since the provision was for its benefit, to do one of two things—stand on the breach and treat the lease as terminated, or ignore the breach and acknowledge the continued existence of the lease. Having done the latter, as the court found upon substantial evidence, the appellant is bound by its course of conduct. It was all a matter of intention, as the cases indicate. In re Walker, 2 Cir., 93 F.2d 281, 283; Model Dairy Co. v. Foltis-Fischer, Inc., 2 Cir., 67 F.2d 704, 707.

The case of Jandrew v. Bouche, 5 Cir., 29 F.2d 346, relied upon by the appellant, is not controlling. That case turned entirely upon the construction of the lease, while here the case turns upon the conduct and intention of the appellant with reference to the lease after knowledge that the breach occurred. The Jandrew case does not hold that a conditional limitation may not be waived.

The appellant contends here that the trustee did not make a timely election to adopt the lease, in accordance with the provisions of Section 110 sub. b, of the Bankruptcy Act. This question was not raised below and cannot be raised here for the first time. Proceedings were held in the reorganization proceeding of which the appellant had notice and in which the trustee did adopt the lease. The appellant did not appear or contest this proceeding. It cannot contest it here in a different proceeding.

The judgment of the District Court is affirmed.