## GOODWIN v. BEUTEL et al.

Court of Appeals of Kentucky.

March 27, 1953.

Raymond C. Arny, Louisville, for appellant.

Carl K. Helman, Louisville, for appellees.

STANLEY, Commissioner.

Upon the trial of a traverse from a judgment of guilty in a forcible detainer proceeding, the circuit court, upon submission of the law and facts, rendered a similar judgment. The tenant, Paul E. Goodwin, brings an appeal against the landlords, Clarence A. Beutel and Harold V. Beutel.

Under an oral agreement, the tenant entered into possession of the premises, a furnished apartment, on August 23, 1950. Clarence Beutel testified that Goodwin was "a monthly tenant" for an indefinite period, "as long as he paid his rent" of $60.00 a month in advance. He did not pay any of the rent due January 23, 1952. Without having given notice to vacate the premises, the landlords instituted the forcible detainer proceeding on February 11, 1952, in a magistrate's court. The circuit court was of opinion, as we deduce from the briefs, that the tenant had terminated the lease by failing to pay the rent and was not entitled to the month's notice to vacate the premises prescribed by KRS 383.140 for terminating a tenancy at will or by sufferance.

We do not follow the appellees' argument that the tenant cannot take advantage of his own breach of the contract by having failed to pay the rent in advance, a prerequisite of occupancy, and that the

statute only covers a situation where the landlord desires to terminate the contract by his own act of giving notice. Nonpayment of rent on time may be, as in this case, a reason for the landlords' desire to terminate the lease, but it is not of itself a forfeiture in the absence of a specific stipulation. Estes v. Gatliff, 291 Ky. 93, 163 S.W.2d 273.

■ It seems to us that this case is clearly within the statute as being a tenancy at will because the terms were from month to month. With his usual felicity and logic, Judge Dietzman, for the court in Pack v. Feuchtenberger, 232 Ky. 267, 22 S.W.2d 914, noted the distinction between a lease "for one month," as being for a definite period not requiring notice to vacate, and a lease "from month to month," as requiring notice of the landlord's election. The terms of that lease and the present one are the same except the amount of rental.

Upon the authority of that case, the judgment is

Reversed.