**Arnold CRESON, Appellant,**

**v.**

**Ida Sisk SCOTT et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 4, 1955.

L. B. Weir, Madisonville, for appellant.

Moore & Morrow, Madisonville, for appellees.

CLAY, Commissioner.

This action was brought by the assignee of a coal mining lease to recover damages, based upon a loss of profits, from the original owners of the land and their subsequent lessees. Plaintiff's petition was dismissed on the ground that the pleadings showed his alleged cause of action was barred by the statute of limitations.

Plaintiff amended his petition three times, and in substance alleged as follows: In March 1945 defendant landowners executed a coal lease, covering 235 acres, to one Newman for a term of 10 years. On September 1, 1945 the landowners executed a second coal lease on the same land to one of the defendant coal mining companies. On December 1, 1945 Newman assigned a partial interest in his original lease to plaintiff. In February 1946 the defendant companies took actual physical possession of the land and prevented plaintiff from carrying on any mining operations.

On September 10, 1947 Newman brought suit against defendants to have his original lease declared superior to the second one made on September 1, 1945, and to obtain an injunction. Plaintiff was not a party to that suit. A judgment was entered in that action October 6, 1951, declaring the second lease inferior and subject to the Newman lease, and enjoining the defendants in that action from interfering with the use of the leased premises by Newman.

■ The allegations of the plaintiff's pleadings clearly set forth a cause of action in tort for a trespass, and the damages claimed are a loss of profits he could have realized from mining the coal. The acts of appellees which gave appellant a present right of action of this nature occurred in February 1946. This suit was instituted almost seven years later in January 1953. KRS 413.120 provides that the following actions shall be commenced within five years after the cause of action accrues: " * * * (4) An action for trespass on real or personal property, (5) An action for the profits of or damages for withholding real or personal property." It is apparent that the only relief demanded by appellant against all of the defendants falls within the scope of this statute, and this cause of action arising from the acts committed in February 1946 is barred.

■ In an effort to avoid the effect of the statute plaintiff contends his suit is to recover real property or its value and under KRS 413.010 the limitation period is 15 years. He states that coal in place is real estate and that until the Newman lawsuit was decided he could not even sue to recover his property. The difficulty with appellant's position is that this suit is not one to have the question of title determined, or to recover the coal or the land or its value. His only claim for relief is for damages measured by the alleged loss of profits he could have realized by mining the coal. Clearly such damages arose from the trespass upon the land which deprived appellant of its use. In his brief plaintiff states that the coal in place had no value when his suit was filed. This action simply cannot be distorted into one for the recovery of real estate or its value.

■ The contention of plaintiff that, assuming the five year statute to apply, the accrual of his cause of action was suspended during the pendency of the suit brought by his assignor Newman is likewise without merit. Cases are cited wherein it was held that certain rights of action did not come into being until the termination of pending litigation involving the subject matter upon which a subsequent suit could be based. Those cases have no applicability

here because plaintiff's claim was in no way dependent upon the judgment in the suit brought by Newman. Apparently his argument is that he would not know that he could *successfully* prosecute a suit based on his assignment from Newman until Newman's rights were determined, but a judgment in the Newman case had no connection with the accrual of his right of action at the time the alleged tortious acts of defendants were committed. A similar argument was made in the case of Commonwealth v. Sammons, 180 Ky. 403, 202 S.W. 885, 886. Therein the court held in the following words:

"A cause of action accrues when a party has the right and capacity to sue, and his right of action is not suspended until he ascertains that he has a cause of action."

See also Carter v. Harlan Hospital Ass'n, 265 Ky. 452, 97 S.W.2d 9, and Watts v. Chreste, 270 Ky. 407, 109 S.W.2d 803.

The judgment was correct insofar as it dismissed plaintiff's claim sounding in tort.

■■ However, there are allegations in the petition as amended which state a cause of action against the defendant landowners (not against the defendant coal companies) for a breach of an implied warranty of quiet enjoyment and possession. Such a covenant is implied in a lease of realty. Denny v. Marksbury, 15 Ky.Law Rep. 400; Evans v. Williams, 291 Ky. 484, 165 S.W.2d 52; 32 Am.Jur., Landlord and Tenant, Section 252. It is alleged by plaintiff that defendant landowners executed a subsequent lease to another party under which plaintiff was evicted from possession in February 1946. This actual eviction, coupled with the execution of the second lease, could constitute a breach of covenant by the landowners. Estes v. Gatliff, 291 Ky. 93, 163 S.W.2d 273, 32 Am.Jur., Landlord and tenant, Section 272.

■■ This covenant of quiet enjoyment runs with the land and the assignee of the lease may take advantage of it. 32 Am.Jur., Landlord and Tenant, Section 282. The action is deemed based on a written contract, and would be governed by KRS 413.090, the limitation period being 15 years. 34 Am.Jur., Limitation of Actions, Section 89.

■ Defendants contend that because plaintiff alleged that the execution of the second lease on September 1, 1945, constituted the breach of this covenant, and since this was prior to the date of the assignment to him, he may not take advantage of it. It is true that after such a breach the chose in action thereby created does not pass by a subsequent transfer of title. Eli v. Trent, 195 Ky. 26, 241 S.W. 324. However, appellant's legal conclusion with respect to the date of the breach is not controlling since the facts stated in his pleading show that the breach did not take place until after the assignment to him when he was physically ousted from the premises. In Estes v. Gatliff, 291 Ky. 93, 163 S.W.2d 273, above cited, it was pointed out that an eviction takes place when a tenant is deprived of possession or disturbed in the beneficial enjoyment of the premises. The mere execution of the second lease on September 1, 1945, did not constitute the eviction, but the subsequent acts in February 1946 did do so.

As to defendant landowners, plaintiff's petition as amended stated a cause of action for breach of covenant which was not barred by limitation. We of course do not decide whether or not plaintiff can prove his claim.

The judgment is affirmed in part and reversed in part for proceedings consistent with this opinion.