Owen McGivern, J.
Petitioner moves, pursuant to article 78 of the Civil Practice Act, for an order in the nature of mandamus directing the revocation of its expulsion from the respondent trade organization and the restoration of petitioner to full membership privileges. The trade organization respondent is a membership corporation whose members engage in the retail furniture business in the State of New York. It is organized to enhance and protect the interests of its members and generally to improve conditions in the retail furniture business.
Section 3 of article 9 of the by-laws of the corporation provide in part that “ any member who shall file, or against whom there shall be filed, any petition in bankruptcy or for an arrangement or for whom any Receiver shall be appointed, or who shall make any assignment for the benefit of creditors, or take advantage of any insolvency act shall automatically be suspended from the organization * * #. At any meeting of the
Board of Governors following an automatic suspension of any member as hereinabove in this paragraph provided, such member may be expelled from the Association by a two-thirds vote of all the Governors. No member suspended or removed pursuant to the provisions of this paragraph shall have a right of appeal”. It is further provided by this section that application for reinstatement may be made at any time after one year and that such member may be reinstated by a two-thirds vote of the total membership of the board of governors.
Petitioner was expelled because of its having filed a petition for reorganization under chapter 11 of the Bankruptcy Act (U. S. Code, tit. 11, § 701 et seq.), and asserts that the foregoing by-law under the provisions of which it was expelled is invalid. Section 20 of the Membership Corporations Law under which respondent organization was formed, provides: “ The by-laws of any such corporation may make provisions, not inconsistent with law or with its certificate of incorporation, regulating * * * suspension and expulsion of members ”.
The record of this proceeding fails to disclose that the challenged by-law is inconsistent with the certificate of incorporation of the respondent organization. It to the contrary indicates that such provision was essential to the mutual protection of all members of this trade organization having a limited number of members and because the financial impairment of a member would make difficult if not impossible the assumption of those contributions and obligations essential to the operation and achievement of the purposes of the organization. That the petitioner in better days concurred in this view is evident from the fact that it specifically consented in writing to the *940 adoption of the foregoing by-law when its adoption was under consideration. The failure of one or more members of the association to meet his or its obligations would obviously place an added burden on the remaining members not only by way of enlargement of the costs of operation for the remaining members hut also by way of a possible tightening of credit given by suppliers to other members and possible increased prices to counterbalance losses sustained by the financial failure of particular members.
There remains the question as to whether this by-law is violative of some general law and more specifically the spirit and intent of the acts of Congress relating to bankruptcy. Petitioner urges that it is. In doing so it fails to keep in mind the clear distinction between acts done by parties dealing with the bankrupt which interfere with the provisions of the bankruptcy law and measures taken by parties to protect themselves from the practical and financial consequences of a debtor’s bankruptcy. Creditors, present or potential, are under no duty to voluntarily continue exposure to the financial consequences resulting from a financial arrangement made by a debtor in bankruptcy. The right of creditors and other persons to protect themselves from the practical and financial consequences of a bankruptcy proceeding has been repeatedly recognized. (See Central Trust Co. v. Chicago Auditorium, 240 U. S. 581, 591; Schneider v. Springmann, 25 F. 2d 255 [6th C. C. A.]; Urban Props. Corp. v. Benson, 116 F. 2d 321 [9th C. C. A.]; Murray Realty Co. v. Regal Shoe Co., 265 N. Y. 332.)
A mandamus order may issue only for the enforcement of a clear legal right. (Matter of Durr v. Paragon Trading Corp., 270 N. Y. 464, 469.) The petitioner has failed to establish any such clear legal right. Furthermore, in view of the petitioner’s previous consent to the adoption of the challenged by-law this court would be disinclined, in the exercise of its discretion, to grant the relief sought. The petition is dismissed.