**806**

Nancy HATTON, Bertha Deaton, Mary Stotts, Martha Helton, Anna White, Everlyn White, Gary White, Donald White, and Wayne White, Appellants,

v.

FALCON COAL COMPANY and Kycoga Company, an Unknown Defendant, Appellees.

Court of Appeals of Kentucky.

April 3, 1987.

Rehearing Denied June 12, 1987.

Discretionary Review Denied by Supreme Court Sept. 15, 1987.

Joe F. Childers, Shepherd & Childers, Lexington, Robert H. Cornett, Jackson, for appellants.

Richard Ward and C. Kilmer Combs, Wyatt, Tarrant & Combs, Lexington, for Falcon Coal Co.

Maxwell P. Barret, William Engle, III, Barret, Haynes & May, Hazard, for Kycoga Co.

Before HOWERTON, C.J., and COMBS and HAYES, JJ.

HOWERTON, Chief Judge.

The appellants appeal from a decision of the Breathitt Circuit Court which entered a summary judgment against them. The court found that their cause of action was barred by the five-year statute of limitations. We reverse the circuit court's decision and remand.

In 1889, Abijah and Marinda White and John White conveyed to Arthur D. Bright the "coal, gases, salt water, and minerals of every description" on their property. Bright is the predecessor in title to Kycoga Company. The deed executed by Abijah and Marinda White contained the following language:

> Together with the full and complete rights and privileges of every kind for mining, manufacturing and transporting such Coal, Gases, Salt-Water, Oil and Minerals on, through and over the said premises.
>
> And also with full rights of way to, from and over said premises by the construction and use of roads, tramways, railroads or otherwise, for the purpose of extracting, storing, handling, manufacturing, refining, shipping or transporting all said Minerals, whether contained on the said premises or elsewhere, and for any other purpose whatsoever, and with the full right to take and use all timber (except Walnut and poplar), under 14 inches in diameter, found on said premises required for any of the above purposes; ....

The deed executed by John White contained the same provisions with the exception that the grantee could not take any timber of 15 or more inches in diameter. In 1971, Falcon Coal Company (Falcon), a lessee of Kycoga, began strip mining on the appellants' property without obtaining their consent. This mining ended in the summer of 1973. The appellants brought suit in the

Breathitt Circuit Court for a breach of the express terms in the deed which stated that the grantee would not take any walnut or poplar trees or any trees which were over 14 inches in diameter. Appellants sued for damages incurred due to this breach of contract.

The appellants argued before the circuit court that the 15–year statute of limitations applied because the cause of action was based on a breach of a written contract. Falcon Coal argued that the five-year statute of limitations applied to actions based on trespass to real property. The circuit court held that the five-year statute of limitations was applicable and therefore entered a summary judgment dismissing the appellants' complaint. This appeal followed.

First, the appellants argue that the trial court erred in holding that the five-year statute of limitations applied. Appellants argue that the appropriate statute of limitations is 15 years. KRS 413.090 states: "[t]he following actions shall be commenced within fifteen (15) years after the cause of action first accrued: .... (2) An action upon a recognizance, bond or written contract." Accordingly, the appellants' claim was not barred by the statute of limitations and the court erred in entering the summary judgment. We agree.

In *Creson v. Scott*, Ky., 275 S.W.2d 406 (1955), the defendant landowners (Scott, et al.) executed a coal lease to Newman in March 1945. On September 1, 1945, Scott executed a second coal lease on the same land to a different coal mining company. The plaintiff (Creason) was an assignee of the coal mining lease executed by the landowner to Newman. Newman brought suit against the other coal mining companies to have his original lease declared superior. On October 6, 1951, the second lease was declared inferior to the original lease. Creson was not a party to that suit, but he brought suit against Scott and the other coal mining companies for trespass and damages as a result of the loss of profits from the mining of the coal. This suit was not brought until seven years after the cause of action accrued. Accordingly, the lower court found that the claim was barred by the five-year statute of limitations. The appellate court held that the circuit court was correct in dismissing the plaintiff's tort claim, but it reversed the dismissal of the claim based on a breach of the implied warranty of quiet enjoyment. The court explained:

> However, there are allegations in the petition as amended which state a cause of action against the defendant landowners (not against the defendant coal companies) for a breach of an implied warranty of quiet enjoyment and possession. Such a covenant is implied in a lease of realty....
>
> This covenant of quiet enjoyment runs with the land and the assignee of the lease may take advantage of it.... The action is deemed based on a written contract, and would be governed by KRS 413.090, the limitation period being 15 years.

*Creson*, at 408.

*Creson*, while not directly on point with the present factual situation, is somewhat analogous. In *Creson*, the plaintiff's cause of action against the landowners was deemed to be based on the written contract. Accordingly, the 15–year statute of limitation applied. In the present case, the deeds in question contain clauses which prohibit the removal of certain timber. The acceptance of a deed by the grantee makes the deed a written contract. The obligations created by the deed are therefore evidenced by a writing and are not governed by the limitation respecting verbal contracts. 51 Am.Jur.2d *Limitations of Action* § 97 (1970).

Falcon had a right to be on the appellants' property. It was not a trespasser. Under this contract, the deed and lease, Falcon could extract the minerals from the property and take that timber necessary to conduct its coal mining operation within limits. However, the wrong occurred when Falcon breached the limitations. The appellants' claim is based on a breach of contract rather than a trespass to real property. As such, we hold that the appli-

cable statute of limitations is 15 years, as specified in KRS 413.090(2).

Secondly, appellants argue that the circuit court erred in failing to grant them partial summary judgment as to the appellees' liability. We disagree. Since the circuit court found that the appellants' cause of action was barred by the statute of limitations, that court never reached the issue of liability. As such, this issue is not reviewable by this Court.

We reverse the decision of the Breathitt Circuit Court and remand for proceedings consistent with this opinion.

All concur.