## Union Motor Company of Paducah v. Taylor.

(Decided December 19, 1924.)

### Appeal from McCracken Circuit Court.

1. Corporations—When Officer or Agent May Bind Corporation on Contract of Employment Stated—Corporation Acquiescing in Unauthorized Contract Bound Thereby.—Officer or agent of corporation may bind it on a contract of employment when it has permitted him to make such contracts, and to make all contracts for company, and, even though he has not been permitted to do so, if company acquiesces in contract made, it is bound thereby.

2. Corporations—That General Manager Signed Contract as Vice President Held Immaterial.—Where general manager had right to employ bookkeeper for definite period, fact that he signed contract as vice president instead of general manager was immaterial.

MOCQUOT, BERRY & REED for appellant.

A. M. NICHOLS and JACK E. FISHER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellee Taylor is a bookkeeper, and in 1920 and 1921 was employed by appellant motor company, at its garage in Paducah, first at $25.00 per week, and later at $30.00 per week. On one or more occasions he was discharged and re-employed. After being let out by the president of the corporation he was asked to come back at $30.00 per week, an increase of salary. W. P. Allen was vice president and general manager of the corporation. He had full charge of the garage and employed and discharged all employes. He had engaged appellee Taylor when he first came to the garage as bookkeeper. Appellee Taylor, fearing he might again be discharged without good cause, asked for a contract for one year, whereupon Allen, acting for the company, entered into a written contract with him, reading:

"CONTRACT OF AGREEMENT.

"THIS CONTRACT AND AGREEMENT made this the 1st day of October, 1921, by and between the Union Motor Company, Inc., of Paducah, Kentucky, party of the first part, and Fred Taylor, Paducah, Kentucky, party of the second part.

"WITNESSETH: The Union Motor Company, Inc., party of the first part, has this day employed the said Fred Taylor of Paducah, Kentucky, party of the second part, as cashier and bookkeeper for a period of one year from date on conditions that a salary of $30.00 per week is to be paid to said Fred Taylor, party of the second part, for a period specified, and that said party of the second part is to put forth his best efforts at all times for the interest of the said Union Motor Company."

The motor company's name was signed to the contract by W. P. Allen, "vice president." It was also signed by appellee Taylor.

. Appellee Taylor was only allowed to serve about four or five months under the written contract when he was again discharged, and this suit was commenced by him against the corporation to recover of it the balance of the year's salary, about $900.00, subject to a credit of $174.14, the amount he was able to earn at other employment obtained by him. The jury returned a verdict in Taylor's favor for $725.86, upon which judgment was entered, and it is from this judgment this appeal is prosecuted.

There have been two trials of this case. On the first trial the court directed the jury to find and return a verdict for the company on the theory that the vice president was without authority to make a contract, such as copied above, for the corporation. A new trial was granted. On the second trial the court submitted the case to the jury by instructions of which no complaint is made.

Appellant's first contention is that Allen, as vice president of the corporation, had no authority to act for the company except in the absence or disability of the president. It further contends that the corporation could only be bound by the acts of its officers and agents acting within the scope of their authority. It insists that Allen as vice president had no authority whatever to employ Taylor as bookkeeper for one year, as he attempted to do by the written contract. It must be remembered, however, that Allen was not only the vice president of the corporation but the general manager in charge of its entire business. He employed Taylor in the first place and continued him there with the knowledge and consent of all the officials of the corporation until he was

discharged. He then re-employed him at different intervals with the knowledge and consent of the officers of the corporation. The corporation does not object to the salary of $30.00 per week which the contract specifies, but after appellee Taylor was discharged the last time and was unable to find other employment, except at short intervals, and sued the company for the balance of the year's salary, amounting to about $900.00, subject to credit by such an amount as he was able to earn at other employment, it raised the question for the first time that the vice president and general manager of the corporation was without authority to make such contract for the corporation, and asserted that the corporation was not bound thereby. An officer or an agent of a corporation may bind the corporation on a contract of employment when the company has at all times permitted him to make for it such contracts and in fact to make all contracts for the company. And even though he has not been permitted to do so if the company thereafter acquiesces in the contract made it is bound thereby, and in no event does the title which the officer or agent uses in signing the name of the company to a contract which he had a right to make, affect the validity of the contract. Thompson, sections 1495, 1497 and 1499; Forked Deer Pants Co. v. Shipley, 80 S. W. 476 (not officially reported); William Tarr Co. v. Kimbrough, 17 Ky. Law Rep. 1284; Cincinnati, N. O. & T. P. R. Co. v. Ashurst, 124 S. W. 303 (not officially reported); Olive Hill Fire Brick Co. v. Mullins, 153 Ky. 293; Commonwealth, &c. v. Mehler, &c., 183 Ky. 11, and authorities therein cited.

In answer to appellant's contention that the corporation is not bound by the contract made by its vice president and general manager, we quote from the opinion in the case of the Commonwealth, by, &c. v. Mehler & Eckstenkemper Lumber Co., 183 Ky. 11, where a similar question was presented:

"To sustain this contention, counsel for appellant cite numerous authorities, in which it is stated that directors have no power to bind their corporation, except in formal meetings, that they have no power to delegate their discretionary powers to an official, and that the powers of an official are limited to those properly delegated to him by the directors. This is unquestionably the general rule; but, upon the other hand, authorities are abundant that a cor-

poration within its powers may be bound by the manner in which it permit its officers 'in the regular course of business, to conduct its affairs, even though there is no formal delegated authority for such officer to so act, and this, too, even though the act of an officer was in violation of express and formal direction if by subsequent action the board had ratified such action or had merely acquiesced therein.''

The corporation admits, as it must, that Allen, as *general manager*, had the right to employ appellee Taylor as bookkeeper in the way he attempts to employ him by the written contract. It conferred upon Allen general authority to make such employment. He through several years exercised this authority for the corporation with the full knowledge and acquiescence of all its officers. We do not regard the fact that Allen signed as vice president of the corporation instead of general manager, he being both, as controlling. Whether acting as vice president or general manager, or as both, he had full authority of the corporation to employ and to discharge servants. It would be merely quibbling to say that Allen, who had charge of the garage, could employ when he signed himself as general manager, but could not employ when he signed himself as vice president, although he held both offices with the corporation. We do not think the court erred in submitting the case to the jury under the instructions given and of which no complaint is made. We are further of opinion that the court erred upon the first trial of the case in peremptorily directing the jury to find for the corporation. This error was corrected when it granted a new trial. The court was not in error in overruling the motion of the corporation to again peremptorily instruct the jury to find for it.

Judgment affirmed.