**CONTRACT MATERIALS COMPANY,**
Plaintiff and Appellant,

v.

**OAHE LAND AND CATTLE CO., INC.,**
a Corporation; Elwin Pearey; and
G.E. Kelso, Defendants,

and

**Morris Irrigation, Inc., A Corporation; and Dave Gustafson and Company, Inc., a Corporation, Defendants and Appellees.**

No. 14692.

Supreme Court of South Dakota.

Considered on Briefs Apr. 12, 1985.

Decided Sept. 6, 1985.

James E. Carlon of Gors, Braun & Carlon, Pierre, for plaintiff and appellant.

John S. Lovald of Duncan, Olinger, Srstka, Lovald & Robbennolt, P.C., Pierre, for defendants and appellees.

WOLLMAN, Justice.

This is an appeal taken by plaintiff, Contract Materials Construction Company (Contract Materials), from a final judgment and order of the trial court that denied

Contract Materials' request for injunctive and declaratory relief and vacated a temporary restraining order entered against defendants, Morris Irrigation, Inc. and Dave Gustafson and Company, Inc. We affirm.

Contract Materials is a sole proprietorship owned by one Howard Sipe. In September of 1983, Sipe entered into an agreement with Elwin Pearey, president and secretary of defendant Oahe Land & Cattle Co., Inc. (Oahe Land), purporting to give Contract Materials a "grant option" to develop, explore, and remove gravel over a five year period from property owned by Oahe Land. Sipes executed a check in the amount of $1,000 made payable to "Elwin Pearey." Pearey did not tender the $1,000 to Oahe Land but rather applied it to set off a debt that he claimed against Oahe Land.

On September 29, 1983, a notice of disclaimer of option was executed by G.E. Kelso, secretary and minority shareholder of Oahe Land. The notice of disclaimer declared that Pearey had failed to obtain director approval as required by the corporate bylaws for the execution of the grant option.

On November 7, 1983, Oahe Land, with board of director approval, entered into a lease agreement with Morris Irrigation, giving Morris Irrigation gravel rights in the same property covered by the grant option.

Upon learning of the agreement between Oahe Land and Morris Irrigation, Contract Materials obtained a temporary restraining order against Morris Irrigation and its subleasee, Dave Gustafson & Co. The trial court later denied Contract Materials' request for injunctive and declaratory relief and vacated the temporary restraining order, concluding, inter alia, that Pearey did not have corporate authority to enter into the agreement with Contract Materials inasmuch as the agreement was not ratified by the board of directors as required by the corporate bylaws and SDCL ch. 47–5.

SDCL 47–5–25 provides:

All officers and agents of the corporation, as between themselves and the cor-

poration, shall have such authority and perform such duties in the management of the corporation as may be provided in the bylaws, or as may be determined by resolution of the board of directors not inconsistent with the bylaws.

Article IV, § 5, of Oahe Land's bylaws states:

*President.* The President shall be the principal executive officer of the corporation and, subject to the control of the Board of Directors, shall in general supervise and control all of the business affairs of the corporation. He shall, when present, preside at all meetings of the shareholders and of the Board of Directors. He may sign, with the Secretary or any other proper officer of the corporation thereunto authorized by the Board of Directors, certificates for shares of the corporation, any deeds, leases, mortgages, bonds, contracts or other instruments which the Board of Directors has authorized to be executed, except in cases where the signing and execution thereof shall be expressly delegated by the Board of Directors or by these By-Laws to some other officer or agent of the corporation, or shall be required by law to be otherwise signed or executed; and in general perform all duties incident to the office of President and such other duties as may be prescribed by the Board of Directors from time to time.

Contract Materials argues that Pearey had both actual and apparent authority to lease property owned by Oahe Land notwithstanding the absence of board of director approval as required by the bylaws, citing *Aimonetto v. Rapid Gas, Inc.*, 80 S.D. 453, 458, 126 N.W.2d 116, 119 (1964), where this court held in part:

In the absence of evidence to the contrary, it is presumed that the president of a corporation active in its management has authority to do and perform acts necessary to the conduct of the business[.]

In *Aimonetto*, suit was brought against defendant corporation on an insufficient funds check that had been issued by the

corporation's president and which named the corporation as drawer. We held that the president had implied authority to issue the check inasmuch as he had purchased materials (oil well pipe) for a project which the minutes of a directors' meeting revealed had been approved by the board of directors. 80 S.D. at 459-60, 126 N.W.2d at 119-20. In reaching this result we observed that:

> Neither party offered in evidence the articles of incorporation or bylaws of the defendant. No contention is made that approval of the project and purchase of pipe therefor was ultra vires the corporation.... Implicit in the trial and appeal of this case is the assumption that the purchase of the oil well pipe was within the corporate powers provided requisite authority was shown.

80 S.D. at 459, 126 N.W.2d at 120.

In contrast to *Aimonetto*, there is no question here but that Pearey was acting outside the scope of his authority in leasing the gravel rights to Oahe Land property without board of director approval. The presumption of authority to conduct the business of the corporation will not act to validate a voidable act where it is clear the corporation neither acquiesced in nor ratified the action in question.

Contract Materials also cites *First Nat'l Bank of Beresford v. Nelson*, 323 N.W.2d 879 (S.D.1982). In *First Nat'l Bank*, the board of directors of defendant corporation adopted a corporate resolution authorizing its president to execute a certain guaranty to First National Bank guaranteeing payment of a loan made to its president. The guaranty expressly permitted the bank to authorize renewal of the note without notice to the corporation. The note was later renewed by the defendant corporation's president. The corporation denied liability under the guaranty, claiming that it had not expressly authorized renewal of the note by corporate resolution. We rejected this claim, holding:

> [I]nasmuch as the guaranty itself, which beyond question went beyond the specific terms of the authorizing resolution, was signed by all of the shareholders, directors, and officers of the corporation and bore the corporate seal, the corporation cannot now be heard to deny the validity of that instrument.

323 N.W.2d at 884-85.

As in *Aimonetto*, our decision in *First Nat'l Bank* was based on evidence that the corporation had implicitly authorized the conduct it subsequently sought to disavow. Moreover, our holding that Oahe Land cannot be bound by the unauthorized action of its president is in accord with the rule that

> a corporation within its power may be bound by the manner in which it permits its officers in the regular course of business to conduct its affairs, even though there is no formal delegated authority for such officer to so act, and this, too, even though the act of an officer was in violation of express and formal direction, *if by subsequent action the board had ratified such action or had merely acquiesced therein.*

*Engler v. Ipswich Printing Co.*, 63 S.D. 1, 6, 256 N.W. 132, 134 (1934) (quoting from *Union Motor Co. v. Taylor*, 206 Ky. 398, 401, 267 S.W. 170, 171 (1924) (emphasis added).

The judgment is affirmed.

FOSHEIM, C.J., MORGAN, J., and WUEST, Acting J., concur.

HENDERSON, J., concurs specially.

HENDERSON, Justice (concurring specially).

In addition to the fact that the "grant option" was void and unenforceable as not being properly executed by the corporation for the reason that it was contrary to the bylaws of the corporation and SDCL 47-5-25, the "grant option"

> (a) was unenforceable because it failed for want of consideration as Elwin Pearey received the $1,000 and the corporation did not; Pearey never tendered the money to the corporation and saw to it that the check was made out to him personally and he then converted the $1,000 to his own use; the corporation received no benefit whatsoever from the "grant option";

(b) was unenforceable and could give no actual notice of rights claimed by filing with the Stanley County Register of Deeds because it contained a corporate acknowledgment which was defective on its face; SDCL 18–5–9 provides for the format of a certificate of corporate acknowledgment. Pearey's acknowledgment does not reflect that Pearey was authorized to execute the instrument on behalf of the corporation as required by SDCL 18–5–9; furthermore, the acknowledgment was taken and executed by Pearey, he being the party who was the direct beneficiary of the agreement, all as being directly contrary to SDCL 18–1–7; parties to an instrument are generally prohibited from taking the acknowledgment. *Nat'l Bank of Commerce Trust v. Rhodes,* 207 Neb. 44, 295 N.W.2d 711 (1980).

Thus, I would affirm the judgment of the trial court and in doing so, note that there were extensive findings of fact and conclusions of law which are not clearly erroneous. *In re Estate of Hobelsberger,* 85 S.D. 282, 181 N.W.2d 455 (1970).